STATE OF NEBRASKA, APPELLEE, V. STEVE AUGER,
APPELLANT.
STATE OF NEBRASKA, APPELLEE, V. JAMES UITTS,
APPELLANT.

262 N. W. 2d 187

Filed February 8, 1978. Nos. 41229, 41230.

Steve Auger and James Uitts, pro se.

Paul L. Douglas, Attorney General, and Judy K. Hoffman, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. J.

The defendants each were charged with three counts: (1) Robbery; (2) assault with intent to inflict great bodily harm; and (3) auto theft. Following a consolidated trial, both defendants were found guilty by a jury on counts I and II. The defendant Auger was found guilty on count III which was dismissed against the defendant Uitts. Motions for a new trial were overruled. The District Court sentenced each defendant to a term of not less than 5 years nor more than 10 years imprisonment on count I, not less than 5 nor more than 10 years imprisonment on count II, and the defendant Auger to 1 year imprisonment on count III. The sentences for counts I and II were to be served consecutively and Auger's sentence for count III was to be served concurrently with the sentences on counts I and II. The defendants appeal. We affirm the judgments and sentences of each defendant.

On appeal the defendants raise three contentions. They first argue that the District Court committed error when it failed to grant their motions to suppress the identification made by the victim. An in-court identification may properly be received in evidence when it is independent of and untainted by illegal pretrial identification procedures. State v. Goodloe, 197 Neb. 632, 250 N. W. 2d 606 (1977). A primary factor in determining whether an independent basis for an in-court identification exists is the opportunity afforded the witness to observe the defend-

ant in circumstances free from taint. State v. Pratt, 197 Neb. 382, 249 N. W. 2d 495 (1977). In determining whether photographic identification procedures have been impermissibly suggestive, the question must be determined by an evaluation of all the surrounding circumstances. State v. Huerta, 191 Neb. 280, 214 N. W. 2d 613 (1974).

In overruling the defendant's motions, the District Court concluded that the identification procedure used was not so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification and that identification of the defendants was based upon evidence of independent origin. The victim testified that his in-court identification of the defendants as his assailants was based solely upon his observations of the defendants shortly before they assaulted him and was not from police photographs. The record shows the victim had ample opportunity to observe his assailants. This contention is without merit.

Defendants next contend that they were represented by incompetent counsel. The person challenging competency of counsel has the burden of proof to establish counsel's incompetence. State v. Kelly, 190 Neb. 41, 205 N. W. 2d 646 (1973). Trial counsel's performance in a particular case is measured against that of a lawyer with ordinary training and skill in the criminal law in his area, as well as a showing of conscientious protection of the interests of his client. State v. Bartlett, 199 Neb. 471, 259 N. W. 2d 917 (1977); State v. Leadinghorse, 192 Neb. 485, 222 N. W. 2d 573 (1974).

When asked if photographs shown to the victim had been taken the day the defendants were arrested, Omaha police officer Edward Haley responded: "A. Probably. It could have been a previous mug shot of them." The sole basis for defendants' claim of ineffective assistance of counsel is the

failure of their counsel to object to this statement by officer Haley.

In State v. Holloman, 197 Neb. 139, 248 N. W. 2d 15 (1976), we held that a similar reference in testimony by an Omaha police officer to mug shots of the defendant was, under the circumstances, harmless error. We held that the single, isolated reference to mug shots in that case was a mere inadvertent slip by the testifying officer and did not appear to be the result of deliberate action by the prosecution or of very careless procedures. In light of the total evidence any prejudice resulting to the defendant was found to be harmless error.

The failure of defendants' counsel to object to the single reference to mug shots by officer Haley does not rise to the standard enunciated in State v. Bartlett, *supra*, and State v. Leadinghorse, *supra*, so as to constitute ineffective assistance of counsel. This contention is without merit.

Lastly, defendants argue that the District Court erred in overruling their motions to dismiss or in the alternative for a directed verdict. It is not error to refuse to direct a verdict for a defendant in a criminal prosecution, at the close of the testimony for the State, where the evidence before the jury would warrant a conviction. Hornberger v. State, 47 Neb. 40, 66 N. W. 23 (1896). Defendants offered no evidence in their behalf. There was ample evidence, if believed by the jury, to sustain the defendants' convictions on all three counts. This contention is without merit.

The judgments and sentences of the District Court are correct and are affirmed.

AFFIRMED.