STATE OF NEBRASKA, APPELLEE, V.
ROBERT COLE, APPELLANT.

298 N.W.2d 776

Filed November 21, 1980. No. 43034.

Robert Cole, pro se.

Paul L. Douglas, Attorney General, and Terry R. Schaaf for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

CLINTON, J.

This is an appeal from the District Court for Douglas County, Nebraska, in an action brought under the Post Conviction Act, to have a robbery conviction and

a subsequent sentence, as an habitual criminal, vacated. Pursuant to Neb. Rev. Stat. § 29-3001 (Reissue 1979), the District Court examined the files and records and found to its satisfaction that the appellant was entitled to no relief, denied an evidentiary hearing, and dismissed the petition to vacate the judgment and sentence.

As a basis for relief, the appellant, who represented himself in this court, alleged: (1) There was no showing in the record that a plea of guilty entered to a 1956 burglary charge, one of the two previous convictions used to support the enhanced sentence, was voluntarily and intelligently entered; (2) At the habitual criminal hearing, he was not sufficiently identified as the person who was convicted and sentenced in the two prior proceedings; (3) His robbery trial should have been declared a mistrial because the prosecution witness remarked, in the presence of the jury, that the witness had been threatened; and (4) His prior convictions were proven by certified, rather than authenticated, copies; therefore, their admission into evidence was erroneous and prejudicial.

The only errors which are cognizable in an action under the Post Conviction Act are those which would make the conviction void or voidable under either the state or federal constitution. Neb. Rev. Stat. § 29-3001 (Reissue 1979); *State v. DeLoa*, 194 Neb. 270, 231 N.W.2d 357 (1975).

Even if we assume, for the argument of this appeal only, that alleged grounds (2), (3), and (4) raise questions of constitutional dimension, they do not constitute grounds for setting aside the sentence, due to the following reasons. The record clearly establishes that the matter of proving appellant's identity as the person who was twice previously convicted and sentenced was raised in the original trial. The trial court found on adequate evidence that the appellant was the person who had been so previously convicted and sentenced. Following the trial, appellant ap-

pealed directly to this court; he failed to raise the identity issue at that time. *State v. Cole*, 192 Neb. 466, 222 N.W.2d 560 (1974). We have previously held that where an issue is known to the defendant at trial and he fails to raise it in his direct appeal, the issue is waived. *State v. McGhee*, 184 Neb. 352, 167 N.W.2d 765 (1969); *State v. Fowler*, 201 Neb. 647, 271 N.W.2d 341 (1978); *State v. Suggett*, 200 Neb. 693, 264 N.W.2d 876 (1978).

Concerning the matter on which appellant's claim for mistrial is founded, the record clearly establishes that this alleged error by the court was expressly waived. The appellant, himself, elected to proceed with trial.

Issue (4) was raised on direct appeal and decided adversely to the appellant. *State v. Cole, supra.* An issue already litigated on direct appeal and decided adversely to the defendant's claim cannot be raised again in post conviction review. *State v. Lacy*, 198 Neb. 567, 254 N.W.2d 83 (1977).

This brings us to appellant's claim that the guilty plea upon which his 1956 conviction was founded is not shown by the record to have been voluntarily and intelligently made. We have consistently held that the validity of a prior conviction offered to enhance punishment under the habitual criminal statute must be challenged at the habitual criminal hearing. Failure to challenge it at the trial level waives the issue. Once the issue is waived, the prior conviction is not subject to collateral attack in a post conviction proceeding. *State v. McGhee, supra; State v. Fowler, supra; State v. LaPlante*, 185 Neb. 816, 179 N.W.2d 110 (1970).

AFFIRMED.