STATE OF NEBRASKA, APPELLEE, v. WILLIAM HOWARD HUNSBERGER, APPELLANT.

319 N.W.2d 757

Filed May 21, 1982. No. 81-660.

Mingus & Mingus, for appellant.

Paul L. Douglas, Attorney General, and Frank J. Hutfless, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

McCOWN, J.

The defendant was charged with burglary, convicted by a jury, and sentenced to imprisonment for not less than 2 nor more than 8 years.

On the morning of August 12, 1980, it was discovered that a burglary had occurred in the offices of Prairie Datsun in Grand Island, Hall County, Nebraska. A stereo and approximately $340 in cash were missing. In early December 1980, after defendant had been fully advised of his constitutional rights and signed a written waiver of them, defendant made a full statement admitting that he committed the Prairie Datsun burglary with two other individuals. The defendant testified that at one point he requested a lawyer but all the officers involved specifically denied that assertion.

The defendant was arrested and charged with the Prairie Datsun burglary, and his motions to suppress all statements, admissions, and confessions were overruled after hearing. At the subsequent trial the officers testified with respect to the December statements and admissions. The defendant took the stand and admitted having made the statements and admitted his participation in the burglary. He testified, however, to a complicated and convoluted series of events which he asserts made all of his statements involuntary and made him immune from prosecution for the Prairie Datsun burglary.

The defendant testified that in February 1980 he was interrogated by police officers of the city of Kearney in connection with a burglary charge against him in Buffalo County. He testified that in that case Buffalo County law enforcement officers

made a bargain with him that he would not be returned to the penitentiary for that burglary if he would cooperate with them as an undercover person in connection with drug violations in Buffalo County, and that he agreed and did cooperate. He also testified that it was a part of the bargain that if he participated in any burglaries he would not be prosecuted for them if he reported them promptly to the Buffalo County law enforcement officers.

The defendant then testified that at sometime shortly before his December 1980 statement to Hall County officers in the case at bar, he reported to the Buffalo County officers about a burglary which had occurred in Hall County on the same day as the burglary charged in this case. The record indicates that the Buffalo County officers reported that burglary to the Hall County officers, who then questioned the defendant as to both burglaries, resulting in his December statements in the case at bar.

The defendant's position is that because he reported one Hall County burglary to the Buffalo County officers without *Miranda* warnings, all statements thereafter became involuntary because they were a violation of the bargain made with Buffalo County law enforcement officers.

The testimony of the law enforcement officers of Buffalo County was that the defendant's undercover activities were specifically limited to purchases or sales of drugs under the direction of the officers, and although defendant was told to report any planned criminal activity beforehand, the defendant was specifically told that he would be prosecuted to the fullest extent if he participated in any criminal activity other than the buying and selling of drugs. The record also establishes that in September 1980 the defendant was convicted on the original February 1980 burglary charge in Buffalo County and sentenced to 90 days in jail and 30 months' probation.

To be admissible, a statement or confession must

be free and voluntary. It must not be extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence. The determination of whether a statement was voluntarily made necessarily turns on the consideration of the totality of the circumstances in any particular case. *State v. McDonald,* 195 Neb. 625, 240 N.W.2d 8 (1976).

A finding of the trial court that a statement of an accused is voluntary will not ordinarily be set aside on appeal unless the finding is clearly erroneous. *State v. Thompson,* 198 Neb. 48, 251 N.W.2d 387 (1977).

In the case at bar, following the hearing on the motion to suppress, the trial court found that the defendant's statement was voluntarily made. The court found that defendant had been fully advised of his constitutional rights, and that he intelligently and knowingly waived those rights. That finding is amply supported by the record. In addition, the question of whether the statements made by the defendant were voluntary was also submitted to the jury under full and complete instructions. The defendant's defense of the alleged bargain with the Buffalo County law enforcement officers was also before the jury. The jury, by its finding of guilt, obviously did not accept the defendant's testimony and necessarily found his statements were voluntarily and knowingly made.

Even though it might be said that the defendant's defense was an ingenious attempt to avoid criminal responsibility, the defense was fully and fairly presented to the jury and there can be no question but that the evidence is more than sufficient to support the jury verdict.

AFFIRMED.