STATE OF NEBRASKA, APPELLEE, v. VALERIE L. WILLIAMS, APPELLANT.

320 N.W.2d 105

Filed May 28, 1982. No. 44235.

Thomas M. Kenney, Douglas County Public Defender, and Stanley A. Krieger, for appellant.

Paul L. Douglas, Attorney General, and Patrick T. O'Brien, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

McCOWN, J.

The defendant, Valerie L. Williams, was charged with two counts of robbery and convicted by a jury on both counts. The District Court sentenced her to a term of 3 to 5 years' imprisonment on each count, the sentences to run concurrently.

At approximately 12:20 p.m. on December 31, 1980, Lenora Ortiz and Anita Straw and their children were crossing the street at 16th and Ohio Streets in Omaha, Nebraska, on their way home from the grocery store. In the middle of the street they were accosted by a woman, later identified as the defendant. The woman pulled a pistol and threatened to shoot one of the children unless the women gave her their money. The women gave her the money in their possession, which totaled $13. The robber ran from the scene just as the ex-husband of Lenora Ortiz arrived in his car. He was advised of the robbery, took a gun from the glove compartment of his car, and pursued the robber on foot. One of the women reported the robbery to the police. After a short pursuit, the robber jumped into a parked car and hid the gun and money. Rocky Ortiz drew his gun and the defendant got out of the car. A man standing at the rear of the car denied any connection with the defendant and at that point

the defendant began walking to a nearby drugstore with Ortiz following her. The man drove away in the car. The defendant was arrested by the police outside the drugstore.

At trial Lenora Ortiz identified the defendant as the individual who had robbed the two women and Rocky Ortiz identified the defendant as the individual he pursued until she was arrested by police. From the license number of the car, which had been observed by Lenora Ortiz, the police located the car and recovered from it a jacket identified as the jacket worn by the defendant at the time of the robbery. The defendant testified that the prosecution witnesses were lying or mistaken and denied any involvement in the robbery.

The testimony of Anita Straw given at the preliminary hearing was also introduced into evidence at trial. Essentially, her testimony corroborated the testimony of Lenora Ortiz and identified the defendant as the individual who robbed her. The defendant had been present at the preliminary hearing and her attorney had cross-examined Straw without restriction. The basis for offering the testimony from the preliminary hearing was that Anita Straw was unavailable at the time of trial.

The evidence established that in the week prior to trial the prosecution learned that Anita Straw had moved from her address in Omaha and there was information that she was possibly in either Creston, Iowa, Creston, Nebraska, or Crescent, Iowa. The prosecution requested a police officer to attempt to contact Straw to secure her appearance in court. The police officer testified that he made attempts to contact the witness by telephone in all three towns and the only address which corresponded with the address which the prosecution had was one in Crescent, Iowa. He contacted the sheriff's office in Crescent and asked them to send one of their deputies out, but as of the time of trial Anita Straw was still

unavailable. A subpoena had been issued for her by the prosecutor's office and the police officer had that subpoena in his possession at trial.

The defendant objected to the introduction of the testimony of Anita Straw from the preliminary hearing, but the objection was overruled. The defendant was found guilty by the jury on both counts and sentenced by the trial court. This appeal followed.

The sole assignment of error by the defendant is that the District Court erred in admitting the preliminary hearing testimony of Anita Straw. The defendant contends that the State did not make a sufficient attempt to locate the witness.

The testimony of a witness at a previous trial is admissible if the witness is unavailable. It is within the discretion of the trial court to determine whether the unavailability of the witness has been shown. *State v. Howard,* 184 Neb. 461, 168 N.W.2d 370 (1969).

Where a witness has been previously examined in open court with the opportunity for cross-examination which has been availed of and the witness is unavailable at the trial, the evidence so given at the preliminary hearing for the same offense may be used at the trial. There must be evidence of diligence on the part of the prosecution to locate the witness and evidence of the unavailability of the witness to testify. It is immaterial whether such testimony was adduced at a preliminary hearing or in a former trial for the same offense. See, *Callies v. State,* 157 Neb. 640, 61 N.W.2d 370 (1953); *Davis v. State,* 171 Neb. 333, 106 N.W.2d 490 (1960).

In the case at bar there was sufficient evidence to establish that Anita Straw was not available at the time of trial and that reasonable search and inquiry as to her whereabouts had been made. Her testimony at the preliminary hearing was made in the presence of the defendant and she was subjected to full and unrestricted cross-examination at that time. The trial court did not abuse its discretion in ad-

mitting the testimony of Anita Straw.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.