STATE OF NEBRASKA, APPELLEE, V. EUGENE L. HUNT,
APPELLANT.
322 N.W.2d 621

Filed July 23, 1982. No. 43955.

Thomas M. Kenney, Douglas County Public Defender, and Bennett G. Hornstein, for appellant.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

CAPORALE, J.
This appeal results from the judgment of conviction entered by the District Court of Nebraska, Fourth Judicial District, in and for Douglas County, pursuant to a jury verdict finding the defendant-

appellant, Eugene L. Hunt, also known as Earl Campbell, guilty of first degree sexual assault. By some bewildering procedure unknown to our rules, this case was presented in a single brief, which also deals with appeals in case No. 43885 which arise from other separate criminal trials involving this same defendant. Nevertheless, we, on this occasion, review the matter.

Defendant asserts he was denied effective assistance of counsel and that the trial court erred in admitting his confession. We find these claims to be without merit and affirm the judgment of the trial court.

The claim that counsel was ineffective rests upon the fact that no action was taken to suppress the pretrial eyewitness identification of defendant by the victim.

It appears the 13-year-old victim was abducted at gunpoint on February 21, 1980, from a bus stop while en route to her babysitting job. The perpetrator took her to a house where he sexually penetrated her three separate times, tied her, and left her at the scene.

The identification of the defendant began with a composite drawing made by the police based upon the victim's description. That description included characteristics not displayed by defendant. At a three-photograph display the victim selected an individual other than the defendant as the possible perpetrator, but could not be certain as she could not tell whether he had gold teeth. She was later shown five photographs which included defendant but did not include the individual she had previously selected as the possible perpetrator. At this time she selected defendant as the possible perpetrator and later identified him at a lineup whereat she initially failed to make an identification because she had forgotten to bring her eyeglasses and, being nearsighted, was unable to see well enough until after

she moved closer to the viewing window.

Defendant argues that because his attorney did not seek suppression of the pretrial eyewitness identification, he was without the effective assistance of counsel and therefore his defense was prejudiced. It is the law in this jurisdiction that the party challenging the adequacy of criminal trial representation has the burden of proof in showing incompetence, if any, therein. He must also show that such incompetence prejudiced his defense. *State v. Journey,* 207 Neb. 717, 301 N.W.2d 82 (1981); *State v. Auger & Uitts,* 200 Neb. 53, 262 N.W.2d 187 (1978); *State v. Lang,* 202 Neb. 9, 272 N.W.2d 775 (1978). See, also, *Ford v. Parratt,* 638 F.2d 1115 (1981).

We first examine the test for ascertaining the validity of the identifications. In *State v. Harris,* 205 Neb. 844, 290 N.W.2d 645 (1980), we said that the determination as to whether identification procedures were unnecessarily suggestive and conducive to a substantial likelihood of irreparably mistaken identification is to be made by a consideration of the totality of the circumstances surrounding the procedures used. See, also, *State v. Joseph,* 202 Neb. 268, 274 N.W.2d 880 (1979); *Simmons v. United States,* 390 U.S. 377, 88 S. Ct. 967, 19 L. Ed. 2d 1247 (1968).

The standard for deciding whether defense counsel provided adequate representation in a criminal proceeding is whether he performed at least as well as a lawyer with ordinary training and skill in the criminal law in his area, and whether he conscientiously protected the interests of his client. *State v. Rust,* 208 Neb. 320, 303 N.W.2d 490 (1981). We are unable to conclude on review that the photographic array and the lineup were so suggestive that a motion to suppress should have been sustained. No incompetence or prejudice therefore can be implied by the failure of trial counsel to submit a motion that would not be successful.

We next consider defendant's contention that the

admission of his confession into evidence was improper. It is the law in Nebraska that in order for a confession to be admissible, it must have been freely and voluntarily given and must not have been obtained by threat or promise. *State v. Hunsberger,* 211 Neb. 667, 319 N.W.2d 757 (1982); *State v. McDonald,* 195 Neb. 625, 240 N.W.2d 8 (1976). It is also the law that the admission into evidence of a confession constitutes an independent determination by the trial court that the confession was voluntarily made. Such determination will not be set aside on appeal unless such finding is "clearly erroneous." *State v. Hunsberger, supra; State v. Williams,* 205 Neb. 56, 287 N.W.2d 18 (1979).

Defendant testified that at the time he was arrested, between 7 and 8 p.m. on May 6, 1980, he sustained injury, and that when he was brought to the police station some 15 to 20 minutes after the arrest, he had bruises on an arm and his legs and was spitting blood. Upon arriving at the station, according to defendant, and while he was spitting blood, Detective Farmer began questioning him almost immediately; that *Miranda* warnings were not given until after some period of interrogation; and that questioning continued, without medical attention and without the offer of food or drink, until about 2 a.m. the next day. He testified that he was willing to say something then because he was tired and hurt. He testified that he simply reiterated what the police had told him about the crime. On the other hand, Detective Farmer testified that defendant was arrested following a struggle during which defendant received a few scrapes to his legs and an elbow. Upon arrival at the police station Detective Farmer obtained reports and performed other tasks and did not talk with defendant until shortly before 11 p.m. Detective Farmer further testified that he did not talk with defendant for any length of time before the *Miranda* warnings were given at 10:52 p.m. Accord-

ing to Farmer, defendant was alert and made no complaints of being hungry, thirsty, or tired. No inducements were given, no threats were made, and no physical abuse administered; nor was defendant coerced in any way to give a confession. After a lengthy interview defendant gave the recorded confession in question at about 2 a.m. the day following his arrest.

It is obvious that the trial court and jury resolved the conflict in the evidence concerning the circumstances surrounding the giving of the confession against the defendant. In view of the record we cannot say that the trial court's determination that the confession was freely, voluntarily, and knowingly given is clearly erroneous.

The judgment of the trial court is affirmed.

AFFIRMED.