STATE OF NEBRASKA, APPELLEE, V. EUGENE L. HUNT,
ALSO KNOWN AS EARL CAMPBELL, APPELLANT.

322 N.W.2d 624

Filed July 30, 1982.  No. 43885.

Thomas M. Kenney, Douglas County Public Defender, and Bennett G. Hornstein, for appellant.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

CAPORALE, J.

This opinion involves two separate appeals from the Nebraska Fourth Judicial District Court, in and for Douglas County, arising from two separate trials of the same defendant-appellant, Eugene L. Hunt, also known as Earl Campbell, resulting from two separate occurrences. These matters, by some mysterious procedure not recognized by our rules, are presented to us in a single brief which also deals with still another trial involving the same defendant-appellant for a third occurrence. See case No. 43955. To further confuse the presentation, the crimes with which we deal in this opinion were charged in separate counts in a single complaint, tried separately, and reported in a single bill of exceptions. If it was counsel's thought that by treating all three appeals in a single brief we would consider evidence in any one case as evidence in one or both of the other cases, he was mistaken. It is true, although it is not argued, that in *State v. Losieau,* 180 Neb. 671, 144 N.W.2d 406 (1966), we took notice in a second post conviction case of facts recited in our own earlier post conviction opinion concerning a different conviction and sentence for the same appellant. However, the *Losieau* rule that we may examine and take judicial notice of our own proceedings and judgment where certain aspects of the controversy have been previously considered and determined, in cases which are interwoven and interdependent, has no applicability here. We are not here dealing with our own records; we are dealing with facts developed

and determined by others, which we then review pursuant to prescribed rules of law. Secondly, these prosecutions were not interwoven and interdependent; they resulted from three separate and distinct assaults, albeit from one arrest. In this instance we, as in case No. 43955, entertain the appeals presented; however, we do not approve of the methods employed herein. Our review of these cases is not to be construed as an indication that we will entertain future appeals presented to us in the same fashion.

We direct our attention first to the appeal resulting from the trial which commenced September 9, 1980. Therein the defendant was found guilty by a jury of first degree sexual assault. Judgment was imposed in accordance with that verdict. The defendant assigns as error the claims (1) that he was denied the effective assistance of counsel in that his attorney failed to move for the suppression of the in-court identification of the defendant, and (2) that the trial court erred in receiving defendant's confession in evidence. We find the assignments of error to be totally without merit and affirm the judgment of the trial court.

The victim in this case, at about 4 p.m. on May 1, 1980, was, while walking home from school, dragged to a secluded area, threatened with death, and forcibly sexually penetrated, as defined in Neb. Rev. Stat. §§ 28-318(5) and 28-319 (Reissue 1979), by the perpetrator.

The record clearly establishes that the victim had ample opportunity to identify her assailant during the course of the crime and that she pointed him out in open court during the course of the trial. The record is silent as to any pretrial identifications. As a general rule, identification testimony by one who has actually observed a crime is admissible and it is for the trier of fact to determine whether the testimony is worthy of credence. *Sanchell v. Parratt,*

530 F.2d 286 (8th Cir. 1976). A witness may testify to facts and circumstances on which the identification is based as a foundation for that identification. *Peery v. State,* 165 Neb. 752, 87 N.W.2d 378 (1958). See, also, *Wilshusen v. State,* 149 Neb. 594, 31 N.W.2d 544 (1948).

As we have stated many times in the past, the party challenging the adequacy of criminal trial representation has the burden of proving incompetence and of showing that such incompetence prejudiced his defense. *State v. Hunt, ante* p. 214, 322 N.W.2d 621 (1982); *State v. Journey,* 207 Neb. 717, 301 N.W.2d 82 (1981); *State v. Auger & Uitts,* 200 Neb. 53, 262 N.W.2d 187 (1978); *State v. Lang,* 202 Neb. 9, 272 N.W.2d 775 (1978). See, also, *Ford v. Parratt,* 638 F.2d 1115 (8th Cir. 1981).

The standard for deciding whether defense counsel provided adequate representation is whether he performed at least as well as a lawyer with ordinary training and skill in the criminal law in his area, and whether he conscientiously protected the interests of his client. *State v. Hunt, supra; State v. Rust,* 208 Neb. 320, 303 N.W.2d 490 (1981). There is nothing in this record which even remotely suggests that any impermissibly suggestive method of identification was employed. No incompetence or prejudice can be implied by trial counsel's failure to do that which ought not be done.

Defendant is not on any sounder ground with respect to his second assignment of error. In order for a confession to be admissible, it must have been freely and voluntarily given and must not have been obtained by threat or promise. *State v. Hunt, supra; State v. Hunsberger,* 211 Neb. 667, 319 N.W.2d 757 (1982); *State v. McDonald,* 195 Neb. 625, 240 N.W.2d 8 (1976). The admission into evidence of the confession constitutes an independent determination by the trial court that the confession was voluntarily made. Such determination will not be set aside on

appeal unless "clearly erroneous." *State v. Hunt, supra; State v. Hunsberger, supra; State v. Williams,* 205 Neb. 56, 287 N.W.2d 18 (1979). Although there is evidence that there was an altercation at the time of defendant's arrest at between 7 and 8 p.m. on May 6, 1980, the evidence shows a dispute as to the extent and nature of defendant's injuries and the handling of defendant by the police at the scene. There is evidence that defendant required no medical attention, made no complaint about being thirsty, sleepy, or hungry, was given timely *Miranda* warnings, and confessed at about 2 a.m. without coercion or duress. In view of the conflict in the evidence it cannot be said the trial court's determination that defendant's confession in this case was freely, voluntarily, and knowingly given is clearly erroneous.

The judgment of the trial court in connection with the trial which commenced September 9, 1980, is affirmed.

We now review the appeal arising from the trial which began November 3, 1980. The trial court imposed judgment in accordance with the jury's verdict finding defendant guilty of first degree sexual assault and of the use of a firearm to commit a felony. Defendant again urges that he was denied effective assistance of counsel in that his attorney did not move to suppress pretrial and in-court eyewitness identification of him, and that the admission into evidence of his confession was erroneous. We find these assignments of error to be without merit and affirm the judgment of the trial court.

On April 6, 1980, at approximately 10:30 or 11 p.m., the perpetrator accosted the victim while she was walking home from her brother's house to her own, threatened her with a gun, took her to a garage, and sexually penetrated her with force within the meaning of §§ 28-318(5) and 28-319.

The identification of the defendant began with a composite drawing made by the police based upon

the victim's description. Subsequently the victim was shown two sets of photographs which led to no identifications. Later she was shown a set of seven photographs in which the defendant was portrayed twice. Her testimony indicates that on this occasion she unhesitatingly identified the photographs of the defendant as those of the perpetrator. Detective Farmer testified she identified him even before encountering his photograph for the second time. Further, she identified the perpetrator in the courtroom. In addition, another victim also identified the defendant in this trial as the perpetrator of a sexual assault upon her. That victim also testified that she had identified the defendant from the same set of seven photographs as did the victim in this case.

The rules relating to the standard of competency required in criminal representation and the burden of proof in regard thereto have been discussed in the earlier part of his opinion. The determination as to whether identification procedures were unnecessarily suggestive and conducive to a substantial likelihood of an irreparably mistaken identification is to be made by a consideration of the totality of the circumstances surrounding the procedures used. *State v. Hunt, supra; State v. Harris,* 205 Neb. 844, 290 N.W.2d 645 (1980). See, also, *State v. Joseph,* 202 Neb. 268, 274 N.W.2d 880 (1979); *Simmons v. United States,* 390 U.S. 377, 88 S. Ct. 967, 19 L. Ed. 2d 1247 (1968). We cannot conclude from the record that there were employed during pretrial any impermissibly suggestive methods conducive to a substantial likelihood of an irreparably mistaken identification. Failure to file a motion which should not have been successful cannot be said to constitute incompetence. Moreover, it appears that the victim in this case had ample opportunity to observe her assailant and she identified him in the courtroom from that recollection of his features. Even if there had been, and there were not, impermissible pretrial sugges-

tions as to the perpetrator's identity, an in-court identification may be received when it is independent of and untainted by impermissible pretrial identification procedures. *State v. Auger & Uitts,* 200 Neb. 53, 262 N.W.2d 187 (1978). Thus, no prejudice could be shown to have occurred in any event.

As to the second assignment, the rules relating to determining the voluntariness of confessions have been discussed in the earlier portion of this opinion. Defendant waived his *Miranda* rights and the recorded confession in this case was given shortly after 2 a.m. the day following the arrest, which took place on May 6, 1980. Again, there is a conflict in the evidence as to the substantiality of the injuries sustained by the defendant in the struggle surrounding the arrest, his physical and mental condition at the time of the confession, and whether he asked for medical assistance. Those conflicts were resolved against the defendant by the triers of fact and it cannot be said the trial court's determination that the confession was freely, voluntarily, and knowingly given is clearly erroneous.

The judgment of the trial court concerning the trial which commenced November 3, 1980, is affirmed.

AFFIRMED.