**Robert COLE, Appellant,**

v.

**Robert PARRATT, Appellee.**

**No. 82–1399.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 7, 1982.

Decided Sept. 13, 1982.

---

* The Honorable Ronald N. Davies, United States Senior District Judge for the District of North Dakota, sitting by designation.

Before ROSS and McMILLIAN, Circuit Judges, and DAVIES,* Senior District Judge.

PER CURIAM.

Robert Cole appeals from the denial of his petition for a writ of habeas corpus. We affirm.

In 1974, Cole was convicted of robbery in a Nebraska state trial court. At that time, he was also adjudged an habitual criminal on the basis of two prior convictions in 1956 and 1962; this resulted in an enhanced sentence. The conviction and sentence were affirmed on direct appeal. *State v. Cole,* 192 Neb. 466, 222 N.W.2d 560 (1974).

Cole subsequently sought post-conviction relief in state court, alleging, *inter alia,* that because the 1956 conviction used in the habitual criminal proceeding was constitutionally defective,[1] his adjudication as an habitual criminal was invalid. No objection to the use of the prior conviction had been raised at the habitual criminal proceeding. The Nebraska Supreme Court denied relief, concluding that Cole's failure to challenge the validity of the 1956 conviction of the habitual criminal hearing waived the issue and precluded him from raising it collaterally in a post-conviction proceeding. *State v. Cole,* 207 Neb. 318, 298 N.W.2d 776, 778 (1980).

In June 1981, Cole initiated the present federal habeas corpus action, again asserting that the use of the allegedly unconstitutional 1956 conviction rendered his adjudication as an habitual criminal invalid. The federal magistrate to whom the case was referred concluded that Cole, by failing to object to the use of the challenged conviction, had waived the alleged constitutional defect. Because Cole had not demonstrated that his failure to object was justified by "cause" and had resulted in "actual prejudice," *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), the magistrate recommended that the petition be dis-

Robert Cole, pro se.

Paul L. Douglas, Atty. Gen., Terry R. Schaaf, Asst. Atty. Gen., Lincoln, Neb., for appellee.

---

* The Honorable Ronald N. Davies, United States Senior District Judge for the District of North Dakota, sitting by designation.

1. Cole contends the guilty plea upon which his 1956 conviction was founded was not shown by the record to have been voluntarily and intelligently made.

missed. The district court[2] adopted the magistrate's report and entered an order dismissing the action. This appeal followed.

We agree that Cole's failure to contest the use of the 1956 conviction at the state habitual criminal hearing, as required, precludes federal habeas review of his constitutional claim. Absent a showing of cause for noncompliance with a state's contemporaneous-objection rule and a demonstration of actual prejudice resulting from the alleged constitutional deprivation, the failure of trial counsel to raise a constitutional issue in state court will bar the defendant from raising the issue in a federal habeas corpus action. *Wainwright v. Sykes*, 433 U.S. at 87, 97 S.Ct. at 2506; *see Graham v. Mabry*, 645 F.2d 603, 605–06 (8th Cir. 1981); *Parton v. Wyrick*, 614 F.2d 154, 157 (8th Cir.), *cert. denied*, 449 U.S. 846, 101 S.Ct. 131, 66 L.Ed.2d 56 (1980).

Cole has not advanced a specific reason for his attorney's failure to contest the use of the 1956 conviction. Counsel on this appeal speculates that because relevant records of the 1956 conviction are unavailable, proof of Cole's constitutional claim at the habitual criminal hearing was not possible. This impossibility, counsel argues, constitutes adequate "cause" for the failure to raise the constitutional issue at the habitual criminal proceeding. We cannot agree. While the unavailability of these records would undoubtedly have compounded the difficulty in reviewing Cole's constitutional claim, there is nothing to indicate this difficulty would have actually precluded effective consideration of the claim by the state court. A finding of "cause" in these circumstances would undermine the reasoning of *Sykes*.[3] *See* 433 U.S. at 90, 97 S.Ct. at 2508.

In sum, we agree with the district court that Cole has shown no cause of his noncompliance with state procedures during the habitual criminal proceeding.[4] Accordingly, the order dismissing his petition for a writ of habeas corpus is affirmed.

---

2. The Honorable Warren K. Urbom, Chief Judge, United States District Court for the District of Nebraska.

3. Cole also contends the unavailability of the records of his 1956 conviction constitutes an "unconscionable breakdown" in state proceedings which obviates the need to demonstrate cause. This argument is based on *Gates v. Henderson*, 568 F.2d 830, 840 (2d Cir. 1977) (banc), *cert. denied*, 434 U.S. 1038, 98 S.Ct. 775, 54 L.Ed.2d 787 (1978), which involved a habeas petitioner's attempt to assert a fourth amendment claim that had not been raised at his state criminal trial. The Second Circuit concluded that *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), precluded federal habeas review of the issue. It suggested, however, that where the state provides the process by which a defendant can litigate a fourth amendment claim, "but in fact the defendant is precluded from utilizing it by reason of an unconscionable breakdown in that process, [federal habeas relief] may still be warranted." 568 F.2d at 840.

Even assuming we were to apply this reasoning in the context of this case, Cole's argument is without merit. Decisions applying *Gates* have found "unconscionable breakdowns" in state processes in circumstances where a defendant was actually denied the *opportunity* to present a constitutional claim to the state court. *See Boyd v. Mintz*, 631 F.2d 247, 250 (3d Cir. 1980); *Cruz v. Alexander*, 477 F.Supp. 516 (S.D.N.Y.1979), *appeal dismissed*, 622 F.2d 573 (2d Cir. 1980). In contrast, while the unavailability of records in connection with the 1956 conviction would have compounded the difficulty in reviewing Cole's constitutional claim, it did not actually deprive him of the opportunity to present that claim in state court.

4. Because Cole has not satisfied the "cause" requirement by *Sykes*, it is unnecessary to determine whether he was actually prejudiced by use of the 1956 conviction. *See Graham v. Mabry*, 645 F.2d 603, 608 n.3 (8th Cir. 1981).