STATE OF NEBRASKA, APPELLEE, v. MICHAEL E. NEAL,
APPELLANT.

346 N.W.2d 221

Filed March 23, 1984. No. 82-583.

Garrett Law Office, for appellant.

Paul L. Douglas, Attorney General, and Frank J. Hutfless, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

By a jury trial Michael E. Neal was convicted of robbery and sentenced to a term of not less than 7 nor more than 10 years in the Nebraska Penal and Correctional Complex. We affirm.

At 4:45 p.m. on March 8, 1982, Neal entered a booth at an Omaha gas station and told Dennis Lobeda, the station attendant, "Get 'em up." According to Lobeda, when Neal said "Give [me] the money" or Neal would kill the attendant, Lobeda removed money from his shirt pocket and gave that money to Neal. Another station attendant, Gerald Kinsel, was waiting on a customer on the service plaza and observed Neal at the gas station. After taking the money from Lobeda, Neal ran to a nearby car, containing two men, as Lobeda shouted, "We just been robbed." Neal and the men left the scene in the car.

March 16: An Omaha police officer brought photo albums to the gas station and asked Kinsel to examine the photographs. There were approximately

50 photographs in each album. From the albums Kinsel picked out a photograph of Neal, but told the officer he could not positively identify Neal.

March 30: Neal was arrested and taken to the police station, where he was included in a lineup. The lineup was composed of five casually dressed males of varied heights and weights. Three men in the lineup and Neal had facial hair. Three individuals were taller than Neal and a fourth was shorter. Neal was the only man in the lineup who had facial scarring due to acne. After he viewed the lineup for a minute, Lobeda identified Neal as the man who robbed him. At this time Lobeda was positive Neal was the man who "came into [the station] and robbed me." Shortly after Lobeda's view of the lineup and identification of Neal, Kinsel viewed the lineup and positively identified Neal as the robber.

March 31: Neal, having been advised of his "*Miranda* rights," gave a statement to Officer Jernigan of the Omaha Police Department. Jernigan did not ask Neal to make a written statement, nor did Jernigan record Neal's oral statement. In his oral statement given to Jernigan, Neal said "that he had been the one who had committed the robbery."

Before trial Neal filed a motion to suppress his oral statement, pretrial identifications of Neal from police photographs—mug shots and the lineup. After a hearing in which Kinsel testified, the court overruled Neal's motion for suppression of the evidence.

At the time of Neal's jury trial, a subpoena was issued for Kinsel's attendance at trial, but a psychiatrist attending Kinsel advised against Kinsel's appearance as a witness. Over Neal's objection and after the trial court had declared Gerald Kinsel unavailable, Kinsel's previous testimony given at the suppression hearing was read into evidence for the jury.

Neal contends the trial court committed error by

admitting Kinsel's testimony given at the suppression hearing.

Testimony of a witness at a preliminary hearing is admissible at trial, where the defendant has had the opportunity for cross-examination at the preliminary hearing and the witness is unavailable at the trial on the merits of the case. It is within the discretion of the trial court to determine whether a witness' unavailability has been demonstrated to the court. *State v. Williams*, 211 Neb. 693, 320 N.W.2d 105 (1982). Although *Williams* deals with testimony given at a preliminary hearing, the rule is equally applicable where prior testimony has been given at a suppression hearing. The record of the suppression hearing shows unrestricted cross-examination of Kinsel on matters relevant to the issues in Neal's trial. The psychiatrist expressed a professional opinion about Kinsel's mental condition so that the trial court was justified in finding Kinsel unavailable for purposes of Neal's trial. There was no abuse of discretion regarding admission of Kinsel's testimony given during the suppression hearing.

Neal contends that the trial court erred in admitting Neal's oral statement containing admissions to Officer Jernigan, because Neal's statement was neither written nor taped. Neal claims that such absence of a written or taped statement renders any of Neal's admissions involuntary.

Neal never objected to Officer Jernigan's testimony relating recollection of what Neal told the officer. The medium of a statement, oral or written, is immaterial in the determination of admissibility of a statement containing an admission of a defendant. Oral or written statements containing admissions of a defendant are admissible, if the statements are voluntary. *State v. Thompson*, 198 Neb. 48, 251 N.W.2d 387 (1977). The evidence before us establishes that Neal's statement was given freely and voluntarily, without any threat or inducement, and that Neal waived his right to the presence of an

attorney during the time when the statement was made. Whether a statement is voluntary turns upon the totality of the circumstances present in each case. *State v. Hunsberger*, 211 Neb. 667, 319 N.W.2d 757 (1982). Admission into evidence of a confession constitutes an independent determination by the trial court that the confession was voluntarily made. Such determination will not be set aside on appeal unless such finding is "clearly erroneous." See, *State v. Hunt*, 212 Neb. 214, 322 N.W.2d 621 (1982); *State v. Williams*, 205 Neb. 56, 287 N.W.2d 18 (1979). We find nothing in the record before us showing that the trial court clearly erred in receiving Neal's statement into evidence.

Neal claims his motion to suppress the pretrial identifications by photograph and lineup should have been sustained. Neal contends that because he was the only person in the lineup that exhibited facial scarring due to acne, the lineup and photograph unnecessarily suggested Neal's identification and were conducive to irreparable mistaken identification of Neal as the robber.

"The determination as to whether the identification procedures were unnecessarily suggestive and conducive to a substantial likelihood of irreparable mistaken identification is to be made by a consideration of the totality of the circumstances surrounding the procedures." *State v. Joseph*, 202 Neb. 268, 271, 274 N.W.2d 880, 883 (1979). See, *State v. Harris*, 205 Neb. 844, 290 N.W.2d 645 (1980); *State v. Hunt, supra.* We cannot conclude that the photograph and lineup were so suggestive as to result in identification of Neal and a substantial likelihood of irreparable mistaken identification. The trial court did not abuse its discretion by refusing to suppress the pretrial identifications. See *State v. Harris, supra.* Consequently, we cannot say that the trial court erred in permitting identifications of Neal at trial by those who had identified Neal before his jury trial.

Neal's last contention is that the sentence imposed

is excessive and constitutes cruel and unusual punishment in violation of the state and federal Constitutions. Neal's last assignment of error lacks any legitimate foundation or merit whatsoever. Neal's short record of criminal history reflects a pattern of increasingly violent and dangerous criminal activity. We have reviewed his record in *State v. Neal, ante* p. 709, 346 N.W.2d 218 (1984), and reiteration of Neal's criminal record would unduly prolong this opinion.

A sentence imposed within the limits prescribed by statute will not be disturbed on appeal unless there has been an abuse of discretion on behalf of the trial court in imposing such sentence. See *State v. Parks,* 212 Neb. 635, 324 N.W.2d 673 (1982). One convicted of robbery may be punished by a term of imprisonment of from 1 to 50 years. See Neb. Rev. Stat. §§ 28-324 and 28-105 (Reissue 1979). Neb. Rev. Stat. § 83-1,105(1) (Reissue 1981) provides: "[T]he minimum limit fixed by the court shall not be less than the minimum provided by law nor more than one-third of the maximum term, and the maximum limit shall not be greater than the maximum provided by law." Neal was sentenced to 7 to 10 years —well within the statutory limits. Based upon the relevant information presented, we cannot say that the trial court abused its discretion in imposing such sentence. The sentence is correct, not excessive, and does not violate state and federal constitutional prohibitions against cruel and unusual punishment.

The judgment of the district court is affirmed.

AFFIRMED.