UNITED STATES of America ex rel. Otis FOOSE, H-4782, Appellant,

v.

A. T. RUNDLE, Supt.

No. 16820.

United States Court of Appeals Third Circuit.

Argued Jan. 11, 1968.

Decided Jan. 24, 1968.

Melvin Dildine, Chief, Appeals Division, Defender Assn. of Philadelphia, Philadelphia, Pa., for appellant.

Henry T. Crocker, Asst. Dist. Atty., County of Montgomery, Norristown, Pa. (Richard A. Devlin, Anthony J. Scirica, Asst. Dist. Attys., Richard S. Lowe, Dist. Atty., Norristown, Pa., on the brief), for appellee.

Before McLAUGHLIN, FREEDMAN and SEITZ, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

This is an appeal from the district court's refusal to grant a writ of habeas corpus releasing petitioner from detention by the Commonwealth of Pennsylvania on the ground that a gun which was introduced at his trial was the fruit of an unconstitutional search and seizure.

Petitioner was convicted of robbery, conspiracy to commit robbery, being armed with an offensive weapon, and viola-

tion of the Uniform Firearms Act and is serving a sentence of three and one-half to ten years. The district court, although finding that petitioner had not waived his right to present his claim, held that the search was legal.

The gun was obtained under the following circumstances. A few minutes after being notified of the robbery, the police saw in the vicinity of the robbery a car driven by petitioner which fit the description of the car involved in the robbery. After pursuit, the police stopped the car by ramming into it at an intersection. Without a warrant, they searched petitioner and his co-defendant and briefly searched the car. Both car and men were then taken to a police station about two blocks from the intersection, where the car was again searched without a warrant about ten minutes after the arrest. The gun was found at that time.

■■ A search without warrant is valid if made incident to a lawful arrest. United States v. Robinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950). The legality of petitioner's arrest is not disputed and the district court properly held that the search of the car was made contemporaneously with and was incident to the lawful arrest. See United States v. Dento, 382 F.2d 361 (3 Cir. 1967); United States v. Doyle, 373 F.2d 875 (2 Cir. 1967).

This result is not inconsistent with Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964), relied upon by petitioner, which held that evidence of a conspiracy to rob a bank which was found in a car placed in a garage after an arrest for vagrancy, was obtained in an unlawful search and seizure. We made our view clear in United States v. Dento, supra, that *Preston* does not render all warrantless searches of cars away from the immediate site of arrest unlawful and that the case stands on a different footing from *Preston* when "there was a reasonable nexus between the offense the defendant was arrested for and the search of his automobile, * * * [unlike] Preston [where] * *

the search was entirely unrelated to the arrest or charge of vagrancy." United States v. Dento, supra, 382 F.2d at 366.

The judgment of the district court will be affirmed.