STATE OF NEBRASKA, APPELLEE, v. WILLIAM EDWARD
AGNEW, APPELLANT.

171 N. W. 2d 542

Filed October 24, 1969.    No. 37204.

Fred J. Montag and Henry F. Pedersen, Jr., for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

The defendant, William Edward Agnew, was found guilty of burglary by a jury and sentenced to a term of 3 to 5 years in the Nebraska Penal and Correctional Complex.

Early on the morning of August 8, 1968, Frank Barna was awakened by the sound of breaking glass. He looked out the window of his residence and saw two men breaking out the heavy glass in the door of a service station across the street, some 40 yards away. He saw the two men enter the service station; pick up the cash register; carry it out; and put it in the trunk of their car. They left the trunk lid open. The two white men were accompanied by a girl wearing shorts or pedal pushers.

One man wore a solid-colored shirt. The three people got into the car and drove away. He described the car as a green Triumph convertible with three windows in the back. Barna called the police as the car was pulling away.

The call to police units went out at about 3:27 a.m. The police arrived in 5 or 10 minutes. Barna went across to the service station and gave the description of the car and its occupants to the police. Officer Price was the first police officer to arrive at the service station. He talked to Barna and left immediately in search of the automobile described.

From the service station, which was located at 84th and Blondo Streets in Omaha, he proceeded to 96th and Dodge Streets, and turned north on 96th Street. Shortly thereafter he saw a small dark-colored Triumph convertible going south. He had seen only a few other moving automobiles during his search. Price turned around, followed the car, and radioed for help. The car turned west on Dodge Street and was stopped at 120th and Dodge Streets by Price and two other police cruisers. The car was occupied by two white men and a girl. The car was stopped at about 3:50 or 3:55 a.m. It was raining at the time.

The police got the occupants out of the car, searched the men, and arrested all three. One officer briefly inspected the interior of the car by shining a flashlight into it. The three individuals and the car were taken to the police station. Officers Price and John stayed in the station long enough to take the individuals up to the detective bureau, and then went down and searched the car. The search was made 15 or 20 minutes after arriving at the police station. In the trunk of the car, the officers found a receipt made out to the service station which had been burglarized.

At about 11 a.m., on the same morning, a search warrant was obtained for the car. Photographs were taken and the lid of the trunk was removed and subsequently

received in evidence. On the inside of the trunk lid were two marks, scratches or dents about 17⅛ inches or 17¼ inches apart. The stolen cash register was later recovered a few blocks away from the place where officer Price first saw the car. The top of the cash register measured 17⅛ inches in width.

The primary contention of the defendant on appeal is that the search of the automobile at the police station was not incident to the arrest and was unreasonable.

In this case, the determinative facts going to the issue of probable cause to make the arrest are undisputed. The officers knew that a burglary had been committed. Within a few minutes they discovered, in the vicinity of the burglary, a car meeting the description given by the eyewitness and occupied by persons meeting the descriptions given. The car itself was of an unusual and distinctive appearance. Very few cars were on the streets in that area at that hour of the morning. Under such circumstances, the officers clearly had probable cause to make the arrest and the arrest was lawful. See State v. O'Kelly, 175 Neb. 798, 124 N. W. 2d 211.

It is well established that a search without a warrant is valid if made incident to a lawful arrest. United States v. Rabinowitz, 339 U. S. 56, 70 S. Ct. 430, 94 L. Ed. 2d 653.

A search made at the time and place of the arrest here would unquestionably have been lawful and reasonable. Nevertheless, the case of Preston v. United States, 376 U. S. 364, 84 S. Ct. 881, 11 L. Ed 2d 777, left some uncertainty as to when a search of a car is unreasonable, if the search is separated from the arrest in time or place. In that case, the defendant and two companions sitting in a parked automobile in the early hours of the morning were unable to give satisfactory explanations for their presence at that time and place. They were arrested for vagrancy, searched for weapons, and taken to police headquarters. The car, which had not been searched at the time of the arrest, was driven by an officer to

the station, from which it was towed to a garage. Soon after the men had been booked at the police station, some of the police officers went to the garage. They searched the car and found revolvers in the glove compartment, but were unable to get into the trunk. They went back again later, got into the trunk, and found evidence which was used to convict the defendant of conspiracy to rob a federally insured bank. Under those circumstances the search was found unreasonable, and the evidence inadmissible.

We believe the present case to be clearly distinguishable from Preston. There the "crime" for which the defendant was arrested was vagrancy, and the relationship and relevancy of the search to that "crime" was nonexistent. In this case, the crime was a burglary committed a very short time before, in which both the car and the evidence being searched for were directly connected with the crime for which the arrest was made. In Preston, the search was held to be too remote in time or place to have been made incidental to the arrest, under the test of reasonableness. Here the search was substantially contemporaneous with the arrest. (The entire arrest and search procedure was apparently completed in 30 to 40 minutes.)

There is no direct testimony as to the reasons for moving the car and postponing the search. Several reasonable justifications for such action may be inferred from the evidence. There were three police cruisers and the defendant's car standing on the highway at night and in the rain. Traffic safety is an obvious justification for changing the place of search. The lack of effective light at the scene and the possibility that the weather conditions might damage or alter the evidence are likewise reasonable motivations. Under the facts here, the action taken by the officers should not transform a constitutionally reasonable search into an uncontstitutional and unreasonable one. The removal of the car to the police station for search and the resultant

minimal delay did not make the search unreasonable. Neither was the search too remote in time or place to have been made as incidental to the arrest. For related cases, see, United States v. Dento, 382 F. 2d 361 (3d Cir., 1967) cert. denied 389 U. S. 944, 88 S. Ct. 307, 19 L. Ed. 2d 299; United States v. Powell, 407 F. 2d 582 (4th Cir., 1969); United States v. Rundle, 389 F. 2d 54 (3d Cir., 1968). On the facts before us, Preston v. United States, *supra,* does not control and we are satisfied that the search here was reasonable.

The defendant's remaining assignments of error are without merit. The judgment of the district court was correct and is affirmed.

AFFIRMED.