**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Charles Lorenzo TYLER,**
**Defendant-Appellant.**

No. 78–5567
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

March 30, 1979.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Richard L. Taylor (Court-Appointed), Birmingham, Ala., for defendant-appellant.

J. R. Brooks, U. S. Atty., Bill L. Barnett, Asst. U. S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before GOLDBERG, RONEY and TJOFLAT, Circuit Judges.

**PER CURIAM:**

In this appeal from a bank robbery conviction, defendant's only basic assertion of error concerns the admissibility of identifications of him made at or pursuant to a police station lineup, where he was present without counsel.

Defendant acknowledges the force of the Supreme Court's decision in *Kirby v. Illinois*, 406 U.S. 682, 689, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411 (1972), which limited the so-called per se exclusionary rule as to uncounseled lineups to identifications "at or after the initiation of adversary judicial criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." The Court in *Kirby* observed that the right to lineup counsel established in *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and *Gilbert v. California*, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), stems from the Sixth Amendment right to counsel rather than the Fifth Amendment right against self-incrimination in which the doctrine of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), has its roots. The Court relied on several Sixth Amendment decisions which established that the constitutional right to counsel does not attach until after the initiation of adversary judicial proceedings.

Defendant contends that the Sixth Amendment right to counsel applies to him nonetheless because he was in custody at the time, albeit pursuant to another unrelated indictment for bank robbery. Participation in a lineup while in custody, he argues, is a "critical stage of the proceedings" at which he should have been provided with counsel.

Defendant seeks by this logic to override the limitations imposed in *Kirby* by resorting to the Fifth Amendment protections embodied in *Escobedo v. Illinois*, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), and *Miranda v. Arizona, supra.* The contention that *Miranda* is applicable in the lineup context was definitively rejected in

*Kirby v. Illinois*, 406 U.S. at 688, 92 S.Ct. 1877. It is not the right to counsel that the Fifth Amendment protects but the freedom from custodial interrogation without counsel.

█ The fact defendant was in custody for an unrelated offense at the time of the lineup has no bearing on the issue here. The identification was not used in the other proceeding. Only as to that charge had defendant's right to counsel matured. Since the Government had not "committed itself to prosecute" defendant for this offense at the time of the lineup, his Sixth Amendment claim is without merit. *Moore v. Illinois*, 434 U.S. 220, 228, 98 S.Ct. 458, 54 L.Ed.2d 424 (1977).

█ Defendant also argues that the lineup procedure violated his Fifth Amendment right to due process because of the suggestive activities of a deputy sheriff in pointing to defendant during the lineup. *See Kirby v. Illinois*, 406 U.S. at 691, 92 S.Ct. 1877. At the suppression hearing the Government's officer and the two identifying witnesses denied any such occurrence. In the face of opposing accounts of what occurred during the lineup, the court's failure to accept defendant's version was not clearly erroneous. *United States v. Durham*, 587 F.2d 799, 800 (5th Cir. 1979).

AFFIRMED.