STATE OF NEBRASKA, APPELLEE, V.
LARRY E. SMITH, APPELLANT.

306 N.W.2d 181

Filed May 29, 1981.   No. 43685

Jerry N. Stehlik, Deputy County Public Defender, for appellant.

Paul L. Douglas, Attorney General, and Lynne Fritz for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

WHITE, J.

Appellant was convicted by a jury in the District Court for Buffalo County, Nebraska, of robbery and the use of a firearm to commit a felony, and was found by the court to be an habitual criminal. He received a sentence of 10 to 15 years in prison for the robbery and a consecutive sentence of 1 to 2 years for the use of a firearm in the commission of a felony, with credit given for 131 days previously served. He appeals, assigning as error the trial court's failure to suppress in-court identification of him by two eyewitnesses to the robbery. We affirm.

Appellant was arrested at about 3:30 a.m. on April 9, 1980, approximately 4 hours after the Best Western Inn in Kearney was robbed near midnight on April 8, 1980.

About 12 hours after appellant's arrest, and before the filing of formal charges against him, a lineup was conducted by the Kearney police, participated in by appellant and four other men. The motel desk clerk on duty at the time of the robbery and another eyewitness to the robbery both identified defendant at the lineup, as they did at trial. Both before and during trial, appellant moved to suppress the identifications on the ground that the lineup was unduly suggestive. The motions were overruled. In this court, appellant contends, additionally, that the identifications should be suppressed because he was not represented by counsel at the time of the lineup and thus his sixth amendment right to assistance of counsel in a criminal proceeding was violated.

In *Kirby v. Illinois*, 406 U.S. 682, 688, 92 S. Ct. 1877, 32 L. Ed. 2d 411 (1972), the U.S. Supreme Court held that the sixth amendment right to assistance of counsel in a lineup situation "attaches only at or after the time that adversary judicial proceedings have been initiated against" the defendant by the filing of an indictment or information. This is also the rule in Nebraska. *State v. Nance*, 197 Neb. 95, 246 N.W.2d 868 (1976). Appellant was not entitled to assistance of counsel at the time the lineup here was held since formal charges had not then been filed against him, and, thus, the identification may not be suppressed on that ground.

A preindictment or preinformation lineup may still be challenged on due process grounds if the lineup is unnecessarily suggestive and conducive to irreparable mistaken identification. *Kirby v. Illinois, supra; Stovall v. Denno*, 388 U.S. 293, 87 S. Ct. 1967, 18 L. Ed. 2d 1199 (1967). However, the trial court determined that the lineup in this case was not unconstitutionally suggestive, and we agree. Although appellant was the only one of the five men in the lineup with shoulder-length hair, both witnesses who identified him testified that they did so on the basis of his facial features and general body structure. In addition, the evidence shows that

appellant was wearing a large hat at the time of the robbery and not at the lineup, which tends to corroborate the witnesses' testimony that hair length was not a major factor in their identification of him. The lineup was not unduly suggestive, and this assignment of error is without merit. Although not urged by the State, it is obvious from the record that the witnesses saw the defendant in clear light for 20 minutes at distances as close as 2 feet and had an independent recollection of him sufficient to permit them to independently identify him at trial, even if the previous lineup evidence had been suppressed. Further, the defendant's fellow participant in the robbery testified at trial and identified the defendant as the person who held the gun on the witness victims. The appeal is thus totally without merit and the judgment and sentence of the trial court are affirmed.

AFFIRMED.