STATE OF NEBRASKA, APPELLEE, V. JERRY W. JOHNSON, APPELLANT.

336 N.W.2d 581

Filed July 15, 1983. No. 82-750.

James P. Miller and Owen A. Giles, for appellant.

Paul L. Douglas, Attorney General, and Patrick T. O'Brien, for appellee.

KRIVOSHA, C.J., BOSLAUGH, MCCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

CAPORALE, J.

Defendant, Jerry W. Johnson, was charged with burglary and adjudged guilty pursuant to a jury verdict. In this appeal defendant attacks his identification as the party who committed the crime. We affirm.

The burglar was encountered by the identifying witness on and in the premises of a LaVista restaurant located at 72d and Harrison Streets in Sarpy County. The witness was a part-time janitor who, upon arriving at the scene at about 4:20 a.m. on May 29, 1982, noticed that a pane of glass was broken out of the door and that the door was unlocked. Upon entering, the witness turned on an additional light and then called the police; at that point the intruder came out of a hiding place in the restaurant, threatened the janitor with a hammer or hatchet, ordered him to drop the phone, and then ran in excess of 15 to 20 feet to the door and left the restaurant.

Defendant was taken into custody by the police about 15 minutes after the report of the burglary. The janitor witness made an identification at the scene of the arrest, confirmed his identification upon being shown the defendant's driver's license, and again affirmed the identification at the police station through a one-way window. According to the witness, all three identifications occurred within a period of approximately 40 minutes from his initial arrival at the restaurant.

Defendant seeks to attack the propriety of the eyewitness identification by alleging a "taint of primary illegality," together with the nonexclusion of the identification from the trial. The argument as constructed in defendant's brief makes the second point rest upon the first, so the sole question presented for

review is whether there was a taint of primary illegality actually shown as to the identification. If such were the case, then, and only then, would the second question arise.

Defendant's basis for claiming that he has shown a prima facie taint of primary illegality rests upon the fact that there was no attorney acting for defendant present at the precharge "showup" identification. However, it is the law of the United States, and this jurisdiction as well, that there is no constitutional requirement for counsel at that stage of an investigation. *State v. Smith*, 209 Neb. 86, 306 N.W.2d 181 (1981), relying upon *Kirby v. Illinois*, 406 U.S. 682, 92 S. Ct. 1877, 32 L. Ed. 2d 411 (1972), held that the right to assistance of counsel at a police lineup attaches only at or after the time that adversary judicial proceedings have been initiated against the defendant by the filing of an indictment or information. That clearly excludes the situation presented by this case, where the identification occurred shortly after the burglary itself and almost immediately upon the defendant being taken into custody. There had been no adversarial proceedings initiated at that time. The identification may therefore not be suppressed on the ground that counsel was not present at the time of the identifications.

Defendant relies upon *United States v. Wade*, 388 U.S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149 (1967), for the general proposition that a defendant is entitled to counsel at "critical stages of proceedings." He then goes on to complete the argument to the effect that since there was no counsel here, there was a taint present. However, he fails to cite or discuss *State v. Smith*, *supra*, and *Kirby v. Illinois*, *supra*, which clearly delineate the preadversarial charge period as not being such a critical stage under *United States v. Wade*, *supra*, that counsel is required. Defendant's failure to cite a binding Nebraska case, of a vintage not all that recent, ef-

fectively misstates the law as it applies to these facts.

In his brief defendant engages in a lengthy attack upon the factual sequence of the identification process. He apparently seeks to demonstrate by this some sort of faultiness in the identification process. The record, although there were some discrepancies between the witness' initial description and defendant's actual appearance, nonetheless establishes an adequate basis for identification by the witness herein. The defendant was certainly in general terms the same individual described by the witness; he was dressed in a similar fashion, he was near the site of the burglary, and he was in possession of an unusual dollar amount of coinage, similar in amount to that which was missing from the premises.

Defendant further makes a general attack seeking to imply that the precharge "showup" was so unnecessarily suggestive as to be conducive to an irreparably mistaken identification. However, such was clearly not the case. *State v. Nance*, 197 Neb. 95, 246 N.W.2d 868 (1976), is instructive in this regard. This court indicated in that case that a showup identification procedure is constitutionally invalid only when it is so unnecessarily suggestive and conducive to an irreparably mistaken identification that a defendant is denied due process of law; the admission of evidence of a showup without more does not violate due process. A determination as to whether such a likelihood of a misidentification exists has to be made on the basis of the totality of the circumstances of each case. *State v. Hunt*, 212 Neb. 214, 322 N.W.2d 621 (1982). The totality of the facts surrounding the identification process of this case, as set forth above, shows no unnecessarily suggestive elements present such as would have been conducive to an irreparably mistaken identification.

AFFIRMED.