STATE OF NEBRASKA, APPELLEE, V. ROY L. ELLIS, APPELLANT.
363 N.W.2d 389

Filed March 1, 1985. No. 84-439.

William M. Berlowitz, for appellant, and, on brief, Roy L. Ellis, pro se.

Paul L. Douglas, Attorney General, and Mark D. Starr, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

The appellant, Roy L. Ellis, appeals from an order entered by the district court for Douglas County, Nebraska, denying post conviction relief sought pursuant to the provisions of Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1979). On direct appeal Ellis' conviction was affirmed. See *State v. Ellis*, 214 Neb. 172, 333 N.W.2d 391 (1983) (*Ellis I*). Ellis' principal contention in this post conviction proceeding is that he had ineffective assistance of counsel. His claim is based upon the fact that Ellis' trial counsel did not argue that he was denied his constitutional

rights when he was required to appear in a series of pretrial lineups without assistance of counsel. We believe that the law is clear in matters of this nature and that the decision of the trial court must be affirmed.

The facts of the case are set out in detail in *Ellis I*. For the purpose of this appeal, it is sufficient to state that Ellis was arrested and charged by a felony complaint. While in jail, he was placed in some 20 lineups, of which 3 or 4 were related to a robbery of a Kentucky Fried Chicken restaurant in Omaha. The complaint which led to Ellis' arrest was unrelated to the robbery of the Kentucky Fried Chicken restaurant. An employee of the restaurant identified Ellis at a lineup as one of the robbers, and charges were then filed against him alleging commission of the Kentucky Fried Chicken robbery. Ellis, admittedly, was not afforded counsel during these lineups.

We have previously had occasion to examine a similar, though not identical, question and have found contrary to Ellis' position. In *State v. Smith*, 209 Neb. 86, 87, 306 N.W.2d 181, 182 (1981), we said:

> In *Kirby v. Illinois*, 406 U.S. 682, 688, 92 S. Ct. 1877, 32 L. Ed. 2d 411 (1972), the U.S. Supreme Court held that the sixth amendment right to assistance of counsel in a lineup situation "attaches only at or after the time that adversary judicial proceedings have been initiated against" the defendant by the filing of an indictment or information. This is also the rule in Nebraska. *State v. Nance*, 197 Neb. 95, 246 N.W.2d 868 (1976). Appellant was not entitled to assistance of counsel at the time the lineup here was held since formal charges had not then been filed against him, and, thus, the identification may not be suppressed on that ground.

Even if the filing of a complaint triggers an accused's sixth amendment rights, a question we need not now decide, no such complaint had yet been filed against Ellis in connection with the Kentucky Fried Chicken robbery.

The eighth circuit court of appeals has also examined this question and, likewise, has rejected arguments similar to those now made by Ellis. In *Sanchell v. Parratt*, 530 F.2d 286, 290 n.2 (8th Cir. 1976), the eighth circuit court of appeals said:

This argument misapprehends the meaning of *Kirby v. Illinois*, 406 U.S. 682, 92 S. Ct. 1877, 32 L. Ed. [sic] 411 (1972). We agree with the district court that that case controls, and that under *Kirby* only those identification confrontations which occur after the defendant has been formally charged with the offense for which the identification testimony is sought require presence of counsel.

Other federal courts of appeals have likewise considered the question and reached the same conclusion. See, *United States v. Tyler*, 592 F.2d 261 (5th Cir. 1979); *Boyd v. Henderson*, 555 F.2d 56 (2d Cir. 1977); *Jackson v. Jago*, 556 F.2d 807 (6th Cir. 1977).

The rationale behind such a rule is perhaps best set out in *Young v. State of Oklahoma*, 428 F. Supp. 288 (W.D. Okla. 1976). In the *Young* case the robbery in question occurred on December 18, 1973. On December 25, Young was arrested on outstanding warrants for driving while intoxicated, and on December 26 the robbery lineup was conducted. Young did not have counsel present. In discussing Young's claim that his counsel right had attached due to the formal driving while intoxicated charges, the court said at 291-92:

> It is the rule that the Sixth and Fourteenth Amendments right to counsel attaches only at or after the time that adversary judicial proceedings have been initiated and a person is not entitled to counsel at a lineup where he has not been charged by Information, Complaint or any other formal accusation. *Kirby v. Illinois*, 406 U.S. 682, 92 S. Ct. 1877, 32 L. Ed. 2d 411 (1972); *Harris v. Turner*, 466 F.2d 1319 (C.A.10 1972). The petitioner contends that the rule should not apply in this case because he had been arrested and was in custody after formal charges of the traffic offenses had been filed. He fails to distinguish between the Fifth Amendment privilege against self-incrimination and the Sixth Amendment right to counsel. The issue is not whether he was in custody but whether the lineup was a "critical stage" in his prosecution on the robbery charge. *Kirby* makes clear that it was not. The Court in its decision reviewed the principal right to

counsel cases and pointed out: ". . . All of those cases have involved points of time at or after the initiation of adversary judicial criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information or arraignment." 406 U.S. at 689, 92 S. Ct. at 1882. In *United States v. Davis*, 399 F.2d 948, 951 (C.A.2 1968), cert. denied, 393 U.S. 987, 89 S. Ct. 465, 21 L. Ed. 2d 449, prior to *Kirby* that court provided this clarifying analysis: ". . . We do not read *Wade* and its siblings as saying that the mere fact of custody, especially when this is for an unrelated crime, automatically triggers the Sixth Amendment right to counsel, as it would the Fifth Amendment privilege against self-incrimination. The importance of custody from a Fifth Amendment standpoint is that it is conceived as furnishing the element of compulsion which that Amendment demands, see *Miranda v. State of Arizona*, 384 U.S. 436, 467, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). The protection of the Sixth Amendment applies to 'the accused' in 'all criminal prosecutions,' and while *Wade* [*U. S. v. Wade*, 388 U.S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149] makes clear that this includes certain pretrial proceedings, 388 U.S. at 224-225, 87 S. Ct. 1926, that is a long way from saying that the protection attaches as soon as suspicion is aroused. The fact of custody adds little of Sixth Amendment relevance, especially when, as here, this is for an unrelated crime."

None of the events mentioned by the *Kirby* court had occurred to the petitioner with respect to the crime here at issue. Moreover in this case the victim had not made a photographic identification of the petitioner and prior to the lineup there was not probable cause to charge the petitioner with the robbery. The identification of the petitioner by the victim was a prerequisite to the charge. In no proper sense had the petitioner become the accused or the prosecution against him for this offense commenced.

That is not to say that there cannot be a situation where one may be taken into custody under a subterfuge, the police knowing full well that he is the individual they seek to charge.

That, however, is not the case presented to us here. When we separate out the case which brought Ellis into custody from the case in which he was subsequently charged by reason of the lineup, it is clear that he had not yet been charged with the Kentucky Fried Chicken restaurant robbery and was not entitled to counsel at that point.

In view of the fact, therefore, that Ellis was not entitled to have counsel present at the lineup, he did not receive ineffective assistance of counsel when counsel failed to argue that point. The district court was correct in denying Ellis' motion for post conviction relief. The judgment is affirmed.

AFFIRMED.