Roy L. ELLIS, Petitioner,

v.

Gary GRAMMER, Warden, Respondent.

No. CV 85-L-277.

United States District Court,
D. Nebraska.

Jan. 23, 1987.

Daniel E. Klaus, Lincoln, Neb. (Court appointed), for petitioner.

---

**2.** He was given credit for time served since his arrest on November 11, 1985.

Robert M. Spire, Atty. Gen. and Laura Freppel, Asst. Atty. Gen., Lincoln, Neb., for respondent.

## MEMORANDUM

LAY, Circuit Judge, Sitting by Special Designation.

This habeas corpus petition brought by a state prisoner under 28 U.S.C. § 2254 arises from alleged errors relating to his conviction in a Nebraska state court. Roy L. Ellis was originally convicted on charges of armed robbery, use of a firearm to commit a felony, and being an habitual criminal. On appeal, the habitual criminal charge was reversed. *State v. Ellis*, 214 Neb. 172, 333 N.W.2d 391 (1983). The petitioner next sought post-conviction relief pursuant to Neb.Rev.Stat. §§ 29–3001 to –3004 (Reissue 1979). Relief was denied by the trial court, and the denial was affirmed on appeal. *State v. Ellis*, 219 Neb. 408, 363 N.W.2d 389 (1985). This petition followed. Ellis asserts the following as error: (1) his sixth amendment right to counsel was violated by the denial of his request for an attorney at a lineup; and (2) he had ineffective assistance of counsel by his attorney's failure to argue the alleged violation of his sixth amendment rights at trial.

Ellis was arrested pursuant to a felony warrant in connection with the attempted robbery of a savings and loan company. While incarcerated, he was placed in some twenty lineups. Although he requested that his counsel be present at the lineups, this request was denied. Three or four of the lineups concerned a robbery at a Kentucky Fried Chicken restaurant. After an employee identified Ellis as one of the robbers, he was formally charged with that robbery. His convictions stem from the robbery of the restaurant.

## I. RIGHT TO COUNSEL AT LINEUPS

■ The petitioner's first basis for error is that he was denied his right to have an attorney present during the lineups. However, at the time of the lineups Ellis had not been charged with the robbery of the restaurant; he was merely a suspect. There is clearly no right to counsel until the initiation of adversarial judicial proceedings. *See United States v. Wade*, 388 U.S. 218, 224–26, 87 S.Ct. 1926, 1930–31, 18 L.Ed.2d 1149 (1967). Those proceedings begin only when "the government has committed itself to prosecute." *Kirby v. Illinois*, 406 U.S. 682, 689, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411 (1972). It is uncontrovertable that the Constitution does not provide a right to counsel until a formal charge has been made. *United States v. Purham*, 725 F.2d 450, 454 (8th Cir.1984); *United States v. Amrine*, 724 F.2d 84, 86 (8th Cir.1983); *United States v. Hadley*, 671 F.2d 1112, 1116 (8th Cir.1982).

In *Kirby*, the Supreme Court held:

The initiation of judicial criminal proceedings is far from a mere formalism. It is the starting point of our whole system of adversary criminal justice. For it is only then that the government has committed itself to prosecute, and only then that the adverse positions of government and defendant have solidified. It is then that a defendant finds himself faced with the prosecutorial forces of organized society, and immersed in the intricacies of substantive and procedural criminal law. It is this point, therefore, that marks the commencement of the "criminal prosecutions" to which alone the explicit guarantees of the Sixth Amendment are applicable.

In this case we are asked to import into a routine police investigation an absolute constitutional guarantee historically and rationally applicable only after the onset of formal prosecutorial proceedings. We decline to do so.

*Kirby*, 406 U.S. at 689–90, 92 S.Ct. at 1882–83 (footnote and citations omitted).

■ However, the petitioner attempts to distinguish *Kirby* by contending that his right to counsel attaches to *all* lineups following the filing of *any* charges against him. Such an application of the right to counsel was considered and rejected by the Eighth Circuit Court of Appeals. *Sanchell v. Parratt*, 530 F.2d 286 (8th Cir.1976) (per curiam). In *Sanchell*, five witnesses ob-

served Sanchell's arraignment on unrelated charges. One of the witnesses positively identified him as the assailant. The court stated:

> Sanchell contends that since he had been formally charged with that unrelated robbery but was without counsel, it follows that using the February 8 arraignment as an identification confrontation violated his Sixth Amendment right to counsel with reference to the rape-robbery charges. This argument misapprehends the meaning of *Kirby v. Illinois*, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972). We agree with the district court that that case controls, and that under *Kirby* only those identification confrontations which occur after the defendant has been formally charged with the offense for which the identification testimony is sought require presence of counsel.

*Sanchell*, 530 F.2d at 290 n. 2.

■ To say that Ellis had a right to counsel before he was formally charged for the related crime would be an unwarranted expansion of his constitutional rights. Ellis has been unable to demonstrate any impropriety in the actual lineups, and this court finds none. Ellis' assertion that the lineups are inherently suspect solely because counsel was not present is without merit. There was no violation of petitioner's sixth amendment rights.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Ellis also claims that he was provided ineffective assistance of counsel at trial. The basis for this assertion is that his defense counsel failed to raise and argue any violation of Ellis' right to counsel at the lineups. As this opinion demonstrates, there is no merit to such a claimed right to counsel. "The United States Constitution guarantees a criminal defendant only a fair trial and a competent attorney, and does not insure that defense counsel will * * * raise every conceivable constitutional claim." *Hayes v. Lockhart*, 766 F.2d 1247, 1252 (8th Cir.), *cert. denied*, —— U.S. ——, 106 S.Ct. 256, 88 L.Ed.2d 263 (1985) (cita-

tion omitted). That standard is particularly applicable to a meritless constitutional claim. Ellis was not denied his right to effective assistance of counsel. He had a fair trial. No prejudicial error was committed by the trial court.

The petition for a writ of habeas corpus is hereby denied.