STATE OF NEBRASKA, APPELLEE, V. INGREAT N. SWIFT, APPELLANT.
443 N.W.2d 613

Filed August 4, 1989. No. 88-631.

Thomas M. Kenney, Douglas County Public Defender, and Timothy P. Burns for appellant.

Robert M. Spire, Attorney General, and Marie C. Pawol for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

Defendant-appellant, Ingreat N. Swift, was convicted by a jury on June 6, 1988, in the district court for Douglas County of the offense of being a felon in possession of a firearm in violation of Neb. Rev. Stat. § 28-1206 (Reissue 1985). An enhancement proceeding was held on July 8, 1988, after which the defendant was found to be a habitual criminal in violation of Neb. Rev. Stat. § 29-2221 (Reissue 1985). The defendant was sentenced to 10 years in the Nebraska Penal and Correctional Complex.

A single error has been assigned by the defendant. He contends that there was insufficient evidence as a matter of law to sustain his conviction. We affirm.

The record shows that on the night of August 26, 1987, an argument broke out in an Omaha bar between the defendant and another man. The bouncer of the bar was an employee of the bar with the duty to maintain order in the barroom. He testified as follows:

    A. Yes, Mr. Swift was talking, discussing with another

guy very loudly about something another guy had did to his sister.

Q. OK, what happened next?

A. I asked them to please turn their voices down because, you know, if you get loud and stuff like that, we have to remove them from the establishment. And they kept on going. I removed one person. He left freely of his own free will. That was the one Mr. Swift was arguing with. He left.

Q. All right.

A. Mr. Swift did not want to leave.

Q. OK, and what happened next?

A. I had turned around, you know, to check the door because we accept money for people coming in. On that night it was very crowded, so I had door duties, so I turned around and looked towards the door. The next thing I know, a gun was raised towards my head, and I turned around, and I caught the butt right in the—right up here, caught it in my scalp.

Q. OK, did it cause any type of injury?

A. Oh, yes.

Q. OK. Is there any scar still from that?

A. Yes, a permanent scar.

Q. OK. Turn so—and point to where that is; show the jury where that is. And how'd you get that scar?

A. (After showing the jury) The butt of a—something like a Luger. Automatic weapon.

Q. Who was holding it?

A. Mr. Ingreat Swift.

A struggle ensued between the bouncer and the defendant. During the struggle the gun discharged, and a bullet struck a wall near the bathroom. The bouncer wrestled the gun from the defendant and placed it on the bar, and the bouncer held the defendant to the floor until the police arrived.

The manager of the bar testified that at approximately 11:25 p.m. he heard a gun go off. The gun was thrown across the floor during the struggle between the bouncer and the defendant, and somebody evidently picked up the gun and placed it on the bar counter. The manager testified that he took

the gun from the counter and retained it until the police arrived.

Four Omaha police officers testified at the defendant's trial. These officers testified that upon their arrival two men were observed fighting on the floor. The officers testified that they broke up the fight, and the defendant was placed in custody.

Defendant did not testify, nor was any evidence adduced by the defense. It is clear that there was evidence showing that defendant was in possession of a firearm on the night in question. Defendant stipulated at the trial that he had previously been convicted of a felony. We have often held that in reviewing a criminal conviction, it is not the province of the Supreme Court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the finder of fact, and the verdict of the jury must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. *State v. Botts,* 232 Neb. 802, 442 N.W.2d 384 (1989); *State v. Bowen,* 232 Neb. 725, 442 N.W.2d 209 (1989); *State v. Wickline,* 232 Neb. 329, 440 N.W.2d 249 (1989). We determine that the evidence was sufficient to support defendant's conviction.

The judgment of the district court is affirmed.

AFFIRMED.