**Johnny Lynn GIBSON,**
**Petitioner-Appellant,**

v.

**Johnny KLEVENHAGEN, Sheriff,**
**Harris County, Texas,**
**Respondent-Appellee**

No. 83–2428.

United States Court of Appeals,
Fifth Circuit.

Dec. 10, 1985.

Judith Birk Baumgartner, Dallas, Tex. (Court-appointed), for petitioner-appellant.

Jim Mattox, Atty. Gen., Austin, Tex., Ray Elvin Speece, Asst. Dist. Atty., Houston, Tex., for respondent-appellee.

Before REAVLEY and E. GRADY JOLLY, Circuit Judges and MAHON *, District Judge.

## OPINION

MAHON, District Judge:

Johnny Lynn Gibson, a Florida state prisoner, appeals from the district court's denial of his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. Gibson filed his petition on November 30, 1982, alleging that the state of Texas sometime prior to April 1981, placed a detainer in his prison file at Florida State prison where he

was and is presently confined[1] and thereafter failed to provide him with a speedy trial on the charges against him in state court after he made demands on state authorities for a speedy trial under the Sixth Amendment of the U.S. Constitution and the Interstate Agreement on Detainers Act, 18 U.S.C.App. (1985); Tex.Code Crim. Proc.Ann. art. 51.14 (Vernon's 1985) ("IADA").[2]

On February 9, 1983, a magistrate granted Gibson leave to proceed *in forma pauperis* and directed the respondent to respond within 40 days. No answer was ever filed and Gibson twice moved for summary judgment. On June 29, 1983, the district court, *sua sponte*, issued an order dismissing the petition, holding that the procedures required by the IADA had not been followed and that Gibson was not in custody of any official of the state of Texas. In August 1983, almost two and one-half years after he was indicted, Gibson was brought to Houston where he subsequently entered a negotiated plea of guilty to the charge of aggravated robbery and received a sentence of confinement for ten years. The conviction thus occurred subsequent to the dismissal of Gibson's habeas petition.

On appeal, Gibson contends that the conviction entered against him in Texas state court should be dismissed and the detainer placed in his prison file removed because of the state of Texas' failure to comply with the requirements of the IADA. Gibson also contends that this court is not prevented from granting habeas relief because of any failure on the part of Gibson to exhaust his administrative remedies or because he pleaded guilty in state court subsequent to the Federal district court's dismissal of his petition on the merits.

■■■ At the outset, we hold that the district court erred when it held as a

---

* District Judge of the Northern District of Texas, sitting by designation.

1. Gibson is currently serving sentences totaling 75 years for armed robbery.

2. The record reveals that prior to the filing of the petition, Gibson notified the prosecuting authority of Texas of his desire for a speedy trial, and that on April 1, 1982, after the state did not respond, he filed his demand for a speedy trial with the state district court to which no response was filed. Finally, on October 4, 1982, Gibson filed a motion to dismiss likewise to which no response was filed.

ground for dismissing Gibson's habeas petition that Gibson was "not in custody of any official of the State of Texas." The law is clear that a person in custody in one state against whom another state has a detainer, may attack the interstate detainer on federal habeas corpus. *See Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 488, 93 S.Ct. 1123, 1126, 35 L.Ed.2d 443 (1973). Furthermore, Gibson sufficiently exhausted his state remedies at the time he filed his habeas petition. As the Supreme Court held in *Braden,* where a prisoner makes repeated speedy trial demands for trial to the courts of the state that indicted him, he has exhausted all available state court remedies for consideration of his speedy trial claim even though he has not yet been brought to trial. *Id.* at 490, 93 S.Ct. at 1127.[3] Therefore, we must now determine whether Gibson asserted a valid habeas claim under the IADA.

Article III, § 2 of the IADA requires that a prisoner subject to a detainer from another state is entitled to be brought to trial within 180 days after he delivers to the prosecuting officer and appropriate court written notice of his place of imprisonment and his request for a final disposition of the indictment against him. 18 U.S. C.App. § 2, Art. 111(a).[4] Article V(c) provides that if the appropriate authority refuses or fails to accept custody of the prisoner within the required time period, then the Court where the indictment is pending shall enter an order dismissing the indictment with prejudice and the detainer based on the indictment shall no longer be in effect. *Id.* at Art. V(c).

The record in this case clearly establishes that Gibson complied with the procedural requirements of the IADA. Gibson's petition states that he made the necessary demands upon the prosecutorial authority in Texas and the Court having jurisdiction over his case. Attached to the petition was the letter from Gibson to an Assistant District Attorney for Harris County, Texas, requesting that "a final disposition be made of the indictment, information or complaint now pending against me." The letter goes on to state that "pursuant to Article III of the Act, I have ask [sic] the Dept. of Corr. to send with this letter a certificate indicating the conditions of the sentence which I am now serving." Letter dated November 2, 1981 to A. Ross Rommel, Jr. from Johnny Gibson. In addition, Gibson subsequently filed with the state district court his demand for a speedy trial and a motion to dismiss, both of which made reference to the IADA and asserted a formal demand under the Act.

■ This Court is hard pressed to conceive of a way in which Gibson, acting *pro se,* could have effected any better compliance with the IADA.[5] Accordingly, we hold that the district court below committed error in holding that the procedures outlined in the IADA have not been followed. The state of Texas having failed to accept custody of Gibson within the required time after he made an effective and timely assertion of his rights under the IADA requires dismissal with prejudice of the indictment and removal of the detainer.

■ Nonetheless, respondent argues that Gibson's claim for relief is barred by

---

**3.** Assuming, *arguendo,* that Gibson has not exhausted his state remedies, we hold that the State has waived nonexhaustion as a defense by not raising the issue. It is well settled that a state's failure to assert that a habeas petitioner has not exhausted his state remedies is an implicit waiver of the exhaustion requirement. *See, e.g. McGee v. Estelle,* 722 F.2d 1206, 1213 (5th Cir.1984).

**4.** The prisoner's request for a speedy trial is to be transmitted to the appropriate officials of the state which lodged the detainer by the warden, commissioner of corrections, or other official

having custody of him. 18 U.S.C.App., § 2, Art. 111(b).

**5.** In fact, we believe that respondent agrees. Neither in his brief nor at oral argument did respondent argue that Gibson did not comply with the IADA. The State of Texas was clearly derelict in its duty in seeing that Gibson was to be brought to trial within the prescribed period. Although Gibson did plead guilty to the substantive offense for which he was indicted, the State of Texas cannot be permitted to totally disregard the procedural safeguards guaranteed to Gibson while in custody and awaiting trial.

the entry of his guilty plea on August 15, 1983 under the rule that a guilty plea will waive pre-conviction constitutional claims. *See Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *Dinnery v. State,* 592 S.W.2d 343 (Tex.Cr.App.1980). There is, however, an exception to this rule: where state law permits a defendant to plead guilty without forfeiting his right to a judicial review of specified constitutional claims, the defendant is not foreclosed from pursuing those constitutional claims in a federal habeas proceeding. *Lefkowitz v. Newsome,* 420 U.S. 283, 95 S.Ct. 886, 43 L.Ed.2d 196 (1974).

Article 44.02 of the Texas Code of Criminal Procedure provides that:

> A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his plea of guilty or his plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion prior to trial.

Tex.Code Cr.Proc. art. 44.02 (Vernon's 1985).

The record is clear that Gibson raised his speedy trial claim by written motion prior to trial. Thus, article 44.02 expressly permits him to appeal his claim after his conviction without the permission of the trial court and Gibson's plea comes within the *Lefkowitz v. Newsome* exception to the rule that guilty pleas waive pre-plea claims.

Accordingly, we reverse the district court's dismissal of Appellant-Petitioner's application for a writ of habeas corpus and remand with instructions that the conviction entered on August 15, 1983 in state court be vacated and the detainer placed in Gibson's prison file be removed.