STATE OF NEBRASKA, APPELLEE, v. SCOTT GILDEA, APPELLANT.
484 N.W.2d 467

Filed May 29, 1992.    No. S-90-976.

Scott Gildea, pro se.

Don Stenberg, Attorney General, and Donald A. Kohtz for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

Pursuant to a plea bargain the appellant, Scott Gildea, pled guilty to the offense of first degree sexual assault, Neb. Rev. Stat. § 28-319(1)(c) (Reissue 1989), and was sentenced to a term of from 7 to 10 years' imprisonment in the Nebraska Department of Correctional Services, with credit for time spent

in custody prior to sentencing.

At the sentencing hearing the court was informed by counsel for the State and for the appellant of the terms of the bargain, those terms being that the county attorney would, in exchange for a plea of guilty, recommend a sentence of probation after a 90-day mentally disordered sex offender examination. At sentencing the court determined that the appellant was a nontreatable mentally disordered sex offender and sentenced the defendant to the term set forth above.

On June 19, 1989, after the sentencing of June 16, the defendant moved the court for an order pursuant to Neb. Rev. Stat. § 29-2308.01 (Reissue 1989) for the reduction of the sentence. The hearing was held on August 18, and at that hearing counsel for defense and prosecution were heard. It is at this time the county attorney, contrary to his previously expressed consent to the plea bargain, recommended to the court that the sentence of 7 to 10 years' imprisonment be retained. The court so ordered. The appellant did not appeal from the order refusing to order reduction in sentence; instead, he filed this postconviction action.

The basis of the postconviction action was (1) that the defendant was not advised that the trial court was not bound by the recommendation of the county attorney as to the sentence to be imposed and (2) that, in any event, the county attorney failed to keep the plea bargain when he recommended at the hearing on the motion for reduction of sentence that the sentence imposed by the trial court be retained. After hearing, the trial court denied the motion for postconviction review. We affirm.

The assignments of error in this court reflect the complaints made in the petition for postconviction review and will be dealt with seriatim. It is true that the language of the trial judge in discussing the sentence that could be imposed after a plea of guilty could conceivably be said to be confusing, to wit:

THE COURT: You understand that the punishment that the Court will impose upon you will be determined only after the pre-sentence investigation is made and after the report of the doctors on the mentally disordered sex offender statute, and also, of course, after a hearing, a

sentencing hearing which all of the facts bearing on that are developed, do you understand that?

MR. GILDEA: Yes, sir.

The import of that statement by the court is that the court was not bound to take the recommendation of the county attorney as witnessed by the plea bargain. In addition, however, the defense counsel at the original sentencing was subpoenaed by the prosecution and testified. Forrest Peetz, appellant's counsel at the sentencing, was asked, "Q. Regarding the plea negotiation, during those conversations did you ever inform Mr. Gildea that the court would not be bound by any plea recommendation I, as the State, would make? A. Absolutely."

The trial court found that the appellant was fully informed that the court was not bound to accept the recommendation of the county attorney as to sentence and that appellant could not reasonably have relied on such a belief, since he had information completely to the contrary.

In an appeal involving a proceeding for postconviction relief the trial court's findings will be upheld unless such findings are clearly erroneous. *State v. Dixon*, 237 Neb. 630, 467 N.W.2d 397 (1991). The first assignment of error is without merit.

As to the second assignment of error, that the county attorney violated the plea agreement by failing to recommend the agreed-upon plea recommendation at the subsequent motion for reduction of sentence hearing, we observe that appellant has cited no authority for the proposition that the county attorney is bound other than by the express terms of his agreement, but also in all subsequent court proceedings, nor unfortunately is the State able to supply us authority to the contrary. However, the court found, and we agree, that the strict terms of the plea bargain agreement were adhered to by the county attorney and will not be extended beyond the bare terms of that agreement. The second assignment of error is without merit.

This court, having found no error, affirms the order denying postconviction relief.

AFFIRMED.