STATE OF NEBRASKA, APPELLEE, V. ERNEST HARPER, APPELLANT.
508 N.W.2d 584

Filed November 16, 1993.   No. A-91-1239.

Thomas M. Kenney, Douglas County Public Defender, and Kelly S. Breen for appellant.

Don Stenberg, Attorney General, and Mark D. Starr for appellee.

SIEVERS, Chief Judge, and HANNON and MILLER-LERMAN, Judges.

HANNON, Judge.

The district court found that the files and records of this case showed the defendant, Ernest Harper, was not entitled to postconviction relief under Neb. Rev. Stat. § 29-3001 et seq. (Reissue 1989 & Cum. Supp. 1992) and dismissed the defendant's application without an evidentiary hearing. The defendant appeals. We affirm.

We start by recognizing that the defendant has had one direct appeal and three appeal proceedings which were denominated as postconviction actions. See, State v. Harper, 215 Neb. 686, 340 N.W.2d 391 (1983); State v. Harper, 218 Neb. 870, 359 N.W.2d 806 (1984); State v. Harper, 225 Neb. 300, 404 N.W.2d 436 (1987); State v. Harper, 233 Neb. 841, 448 N.W.2d 407 (1989). In the last postconviction proceeding, the Supreme Court observed that the defendant was incarcerated in the State of Iowa when that proceeding was commenced. The Supreme Court held that "[t]he district court did not have jurisdiction to entertain defendant's motions for postconviction relief, and his motions should have been dismissed on that ground." Id. at 843, 448 N.W.2d at 408-09. An examination of the record shows that Harper was incarcerated in the State of Iowa at the time he brought each of the other two postconviction proceedings. By the same logic as the Supreme Court applied in the last

postconviction proceeding, the district court would not have had jurisdiction for the first two postconviction proceedings. For this reason, we shall treat this appeal as being from a first postconviction proceeding. See *State v. Whitmore*, 238 Neb. 125, 469 N.W.2d 527 (1991).

In the defendant's application for postconviction relief, he alleged that he is now confined to the Nebraska Penal and Correctional Complex in Lincoln and that this confinement results from the denial of or an infringement of his rights under the Nebraska Constitution and the Constitution of the United States. The defendant alleged that he arrived in Nebraska under the Interstate Agreement on Detainers Act (IAD), 18 U.S.C. app. §§ 1 and 2 (1988), on or about April 3, 1982, and that he was not tried until some time after August 25, 1982, which is longer than the 120 days allowed for trial in any proceeding made possible by article IV of the IAD. See, article IV(c) of the IAD; Neb. Rev.Stat. § 29-759 (Reissue 1989).

## ASSIGNMENTS OF ERROR

The defendant also alleged, or attempted to allege, several other grounds for postconviction relief. He alleged that he was denied counsel in the detainer and extradition proceeding in which he was brought from Iowa to Nebraska to be tried in this case, that he was not given the opportunity to challenge the detainer and extradition proceeding, that he was denied counsel in his first postconviction relief proceeding, that there is no evidence to prove that he sexually assaulted one of the victims, and that the detainer filed against him was made under false pretenses in that it was not filed at the time alleged by the State. The district court wrote a formal opinion wherein it considered each of the issues presented, found that the files and records of the case showed the defendant was not entitled to any relief, and denied the application for postconviction relief.

The only assignment of error that the defendant makes in his appeal to this court is that the district court erred in denying him an evidentiary hearing. In the defendant's brief, the only issue argued or discussed is that the judgment of conviction is void because the State failed to comply with the provisions of article IV of the IAD in that the State failed to try

the defendant within 120 days of his arrival in Nebraska. The only issues to be considered on appeal are those issues which are both assigned and discussed in the brief of the appellant. See, *Maack v. School Dist. of Lincoln*, 241 Neb. 847, 491 N.W.2d 341 (1992); *State v. Thomas*, 238 Neb. 4, 468 N.W.2d 607 (1991). However, when an assignment of error is generalized and vague, an appellate court will review the appeal if the specific contention made by the criminal defendant is set forth in his or her brief and the State, through its brief, has argued in response to that contention. See *State v. Huffman*, 222 Neb. 512, 385 N.W.2d 85 (1986). This case fits the latter rule, and we therefore will consider only the issue concerning the State's alleged failure to try the defendant within 120 days.

## STANDARD OF REVIEW

In an appeal involving a proceeding for postconviction relief, the trial court's finding will be upheld unless such finding is clearly erroneous. *State v. Wickline*, 241 Neb. 488, 488 N.W.2d 581 (1992); *State v. Gildea*, 240 Neb. 780, 484 N.W.2d 467 (1992). In considering this appeal, we must bear in mind that an evidentiary hearing may properly be denied on a motion for postconviction relief when the records and files of the case affirmatively establish that the defendant is entitled to no relief. See *State v. Keithley*, 238 Neb. 966, 473 N.W.2d 129 (1991). A court is not required to grant an evidentiary hearing under the Nebraska Postconviction Act when (1) the motion for postconviction relief does not contain sufficient factual allegations concerning a denial or violation of the constitutional rights affecting the judgment against the movant, or (2) notwithstanding proper pleading of facts in the motion for postconviction relief, the files and records in the movant's case do not show a denial or violation of the movant's constitutional rights causing the judgment against the movant to be void or voidable. *State v. Russell*, 239 Neb. 979, 479 N.W.2d 798 (1992); *State v. Rehbein*, 235 Neb. 536, 455 N.W.2d 821 (1990).

## DISCUSSION

In this appeal, we are considering whether the district court erred in not granting an evidentiary hearing in view of the fact that the defendant was brought into the state under the IAD

and was not tried within 120 days of the date he arrived in Nebraska.

The IAD provides the procedure between the states and the United States whereby persons who are imprisoned in one state or by the United States and who are also charged with crimes in other states or by the United States can be tried expeditiously for the pending charges while they are serving their current sentence. Article III of the IAD provides that a prisoner may request final disposition of the charge referred to in a detainer filed against the prisoner. Basically, the prisoner is entitled to be brought to trial on the charge within 180 days from the day the prisoner makes a proper request. The compact provides detailed provisions for the filing of the request and for the giving of notice required to commence the 180-day period.

Article IV of the IAD provides for the handling of the trial on the untried charges in the receiving state when the prisoner is delivered to the state where the charges are pending. Article IV(c) of the IAD provides as follows:

"In respect of any proceeding made possible by this article, trial shall be commenced within one hundred and twenty days of the arrival of the prisoner in the receiving State, but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance."

The defendant alleges that he came into the State of Nebraska pursuant to the IAD on April 3, 1982, and that he was not tried until August 25, that is, 144 days later. Article V(c) of the IAD provides:

"If the appropriate authority shall refuse or fail to accept temporary custody of said person, or in the event that an action on the indictment, information, or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided in article III or article IV hereof, the appropriate court of the jurisdiction where the indictment, information, or complaint has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect."

■ The trial court held that if the IAD required that the defendant be tried within 120 days and he was not tried within 120 days, then this would be a violation of law but not a violation of the defendant's constitutional rights under either the state or federal Constitution. The trial court reasoned that since postconviction relief is limited to alleged infringement of constitutional rights, *State v. Cole*, 207 Neb. 318, 298 N.W.2d 776 (1980), and the error, if it was made, was not a violation of a constitutional right, then such an error would have had to have been raised in a direct appeal rather than by a request for postconviction relief.

The trial court made its decision without an evidentiary hearing. Neither the transcript, the bill of exceptions, nor any other record which was supplied to this court establishes how the defendant was brought from Iowa to Nebraska to be tried. For this reason, we must assume that the allegations contained in the defendant's petition which are not controverted by the available record are true. We will therefore assume for purposes of this decision that the defendant was brought into the state under the IAD on or about April 3, 1982. The record shows the trial actually commenced on August 30, 1982. The defendant did not bring this issue before the court prior to trial, during trial, or on his direct appeal to the Supreme Court.

The defendant maintains that a prisoner's right to be tried within 120 days of arriving in the receiving state is a constitutional right under the Privileges and Immunities Clause of the U.S. Constitution and that if a receiving state fails to comply with the provisions of article IV(c), the IAD deprives the courts of the receiving state of jurisdiction to try the prisoner and any such conviction is void. The authority cited by the defendant does not support his position.

The defendant relies primarily on the case of *Moore v. Whyte*, 164 W. Va. 718, 266 S.E.2d 137 (1980). In *Moore*, the infringement of the defendant's right to prompt disposition of the case was relatively flagrant. The defendant was imprisoned in Atlanta, Georgia, and a detainer was sent by West Virginia to Georgia in August 1972. Moore was brought to West Virginia and appeared in court on three separate occasions in September 1972 without being tried, and he was returned to Georgia on

October 7. On December 1, the prosecutor's office again requested that Moore be brought to West Virginia, the request being satisfied on January 31, 1973, for trial on February 20. The prosecution then moved for a continuance, and that continuance was granted. Moore was finally tried on March 27, 1973. In a habeas corpus proceeding, the West Virginia Supreme Court of Appeals held that by violating the 120-day trial provision in article IV of the IAD, the trial court lost jurisdiction. Hence, the defendant was entitled to seek immediate release via a collateral proceeding. In making this decision, the West Virginia court relied in part upon its interpretation of a statutory provision requiring dismissal of a criminal prosecution for failure to try a case within the specified period. The court stated that West Virginia law provides that its courts are without jurisdiction after the specified time allowed for trial has passed. It applied the same principle to IAD proceedings and concluded that Moore was entitled to immediate release. This is the only case that really supports the defendant's position.

The defendant also relies upon *Gibson v. Klevenhagen*, 777 F.2d 1056 (5th Cir. 1985); *Johnson v. Stagner*, 781 F.2d 758 (9th Cir. 1986); and *Brown v. Wolff*, 706 F.2d 902 (9th Cir. 1983). In *Gibson*, a prisoner in the Florida state prison brought a habeas corpus proceeding in federal court to question the validity of his conviction in the State of Texas. This conviction resulted from a proceeding to which the IAD was applicable. In that case, the court held that Gibson had properly requested a final disposition of criminal charges pending against him on November 2, 1981. The State of Texas failed to accept custody of Gibson within the required time, and after he made a timely assertion of his rights under the IAD, these objections were denied and he pled guilty on August 15, 1983. The court of appeals noted that Gibson had raised the speedy trial claim by written motion prior to trial. In *Gibson*, the district court's denial of a writ of habeas corpus was reversed, and the court of appeals remanded the cause with instructions that the conviction entered on August 15, 1983, be vacated and the detainer placed upon Gibson be removed. *Gibson* is distinguishable from the case at hand by the fact that in *Gibson*

the defendant raised the question before trial.

In *Johnson*, the U.S. Court of Appeals for the Ninth Circuit considered a situation where the defendant had been in prison in the State of California and, after an unsuccessful attempt, succeeded in filing an appropriate request under article III of the IAD for disposition of charges pending in Oregon. On September 21, 1982, the trial court granted a continuance. A few days after the 180-day time limit expired on November 4, 1982, the defendant moved to dismiss based on the prosecution's failure to try the case within 180 days. This motion was denied, and the defendant was convicted. In *Johnson*, the district court had denied the writ of habeas corpus, and the court of appeals reversed the judgment and remanded the cause with directions for the district court to determine whether the continuance was granted for good cause or whether the defendant stipulated to the continuance or explicitly waived his right to be tried within 180 days. This decision implies, of course, that if the defendant was not tried as required by the IAD, the writ of habeas corpus would have been granted and he would have been released. In *Johnson*, the defendant also raised the timeliness issue before trial.

In *Brown*, the U.S. Court of Appeals for the Ninth Circuit affirmed a district court order denying the defendant's petition for a writ of habeas corpus. The basis of the petition was that the State of Nevada did not try the defendant, who was being held in Maryland, within 180 days of the time the defendant filed a request for trial. Neither the defendant nor his attorney objected when the trial court set the trial to commence on July 24, 1978. The defendant had filed a petition for a pretrial writ of habeas corpus and had stipulated that if the petition was not decided by July 10, the trial court could continue the trial. This petition alleged that the state had violated both Brown's right to a speedy trial under the IAD and his constitutional right to a speedy trial. The trial court denied relief in state court proceedings, and the Nevada Supreme Court later affirmed. While the court of appeals found that the defendant had specifically agreed to a continuance of the case if it became necessary, the court nonetheless addressed some of the issues we are considering. In making its decision, the court held that

failure to try a defendant within the time limits imposed by the IAD was an " 'exceptional circumstance.' " *Brown*, 706 F.2d at 905. The court distinguished this decision from its earlier holding in *Hitchcock v. United States*, 580 F.2d 964 (9th Cir. 1978), that a violation of the antishuttling rule in the IAD was not a "fundamental defect" and that, therefore, a habeas corpus proceeding could not be used to attack a conviction in a proceeding where a prisoner had been returned to the original jurisdiction before trial in the receiving state. Article V(c) provides the same sanction as that of the antishuttling rule for violating the timeliness provision of the IAD. In part, the *Brown* court relied upon the holding in *United States v. Mauro*, 436 U.S. 340, 98 S. Ct. 1834, 56 L. Ed. 2d 329 (1978). However, in *Mauro*, the defendants moved to dismiss the proceedings before trial, and the U.S. Supreme Court was considering the timeliness issue on direct appeal.

The *Brown* court recognized the decision of the U.S. Supreme Court in *Cuyler v. Adams*, 449 U.S. 433, 101 S. Ct. 703, 66 L. Ed. 2d 641 (1981), in which the Court held that the IAD is an interstate compact approved by Congress, and thus a federal law within the meaning of 28 U.S.C. § 2254 (1988), but it did not consider whether rights under the IAD were or were not constitutional rights. The court in *Brown* then concluded that violation of the IAD was a violation of federal law and that the district court had jurisdiction to decide the case.

It should be noted that the Ninth Circuit cases recognized that the habeas corpus proceedings under § 2254(a) could be brought by a defendant "only on the ground that he is in custody in violation of the Constitution or laws . . . of the United States," and as explained above, the court of appeals has held that a violation of the IAD is a violation of federal law. That court did not hold that a violation of the IAD was a violation of constitutional rights. Under § 29-3001, postconviction proceedings can only be brought in Nebraska if the defendant has been deprived of constitutional rights. The Fifth and Ninth Circuit cases are therefore inapplicable to these proceedings. Even the cases cited by the defendant do not hold that a state's failure to try a defendant within the time prescribed by the IAD violates a constitutional right.

The Eighth Circuit has taken a different approach from that taken by the Fifth and Ninth Circuits. In *Camp v. United States*, 587 F.2d 397 (8th Cir. 1978), the petitioner had been convicted in federal court under an IAD proceeding, and more than 3 years later, he filed a motion to vacate the sentence and judgment because he had been taken into federal custody and returned to state custody without a trial. His rights under the IAD were undoubtedly violated before he pled guilty to the charge. The district court had granted the petitioner relief, and the court of appeals reversed. The court of appeals stated that a valid guilty plea operates as a waiver of all nonjurisdictional defects and errors, that violations of article IV of the IAD are not jurisdictional, and that these rights are not deemed of such fundamental importance that a violation of them deprives a court of jurisdiction. The court of appeals recognized the U.S. Supreme Court has indicated that even constitutionally derived rights, such as the right to suppress inadmissible evidence, may be waived. In announcing its decision, the court of appeals stated:

> In light of these decisions, it cannot be said that the statutory rights defined in the IAD—which clearly are not derived from the Constitution—are so fundamental as to preclude acceptance by a court of a voluntary plea of guilty. Accordingly, we hold that a violation of Article IV(e) of the IAD is a non-jurisdictional error and, as such, is waivable by a criminal defendant.
>
> . . . "[T]he violation of a statutory provision such as Article IV(e) is not sufficiently important to deny a court jurisdiction to entertain a guilty plea where the defendant fails to raise the issue in a timely manner."

(Citation omitted.) *Camp*, 587 F.2d at 400.

In *Camp*, the petitioner argued that he could not have waived the right without being aware of it. The court of appeals held that, almost without exception, the requirement that a waiver be knowingly and intelligently done is limited to constitutional guarantees. The court then went on to say:

> [T]he IAD amounts to nothing more than a statutory set of procedural rules which clearly do not rise to the level of constitutionally guaranteed rights. . . . Moreover, the

> sanctions contained in Article IV(e) of the IAD have nothing to do with preserving a fair trial but are instead intended only to prevent excessive interference with a prisoner's rehabilitation in the state prison system.

(Citation omitted.) *Camp*, 587 F.2d at 400.

The U.S. Court of Appeals for the Eighth Circuit made essentially the same decision in *Huff v. United States*, 599 F.2d 860 (8th Cir. 1979). In that case, the court noted that proceedings under 28 U.S.C. § 2255 (1988) could be brought by a prisoner on four grounds: "(1) [T]he sentence imposed violates the Constitution or laws of the United States; (2) the court that imposed the sentence lacked jurisdiction to do so; (3) the sentence exceeds the maximum authorized by law; and (4) the sentence 'is otherwise subject to collateral attack.' " *Huff*, 599 F.2d at 863. In holding that the petitioner could not collaterally attack a conviction where rights under article IV(e) of the IAD were violated, the court explained that when a prisoner bases his claim upon an allegation that the laws of the United States were violated, "the alleged error must be 'a fundamental defect which inherently results in a complete miscarriage of justice' and must present 'exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.' " (Emphasis omitted.) *Huff*, 599 F.2d at 863. The court held that mere failure to comply with the IAD, without more, does not justify relief under § 2255.

The U.S. Court of Appeals for the Sixth Circuit has arrived at essentially the same decision. See, *Mars v. United States*, 615 F.2d 704 (6th Cir. 1980); *United States v. Eaddy*, 595 F.2d 341 (6th Cir. 1979). In *Eaddy*, the court held that, while the defendant in that case gave sufficient notice to the government of his desire for a speedy trial, if a defendant does not raise the speedy trial question in the district court, he cannot raise the article IV(c) claim for the first time on appeal. The court further stated that the defendant forfeited his right to assert a violation of article IV(e) of the IAD by failing to assert it prior to or during the trial in the district court. "Neither does a violation of Article IV automatically strip the trial court of subject matter jurisdiction over the underlying criminal charges

upon which the detainer is lodged." *Eaddy*, 595 F.2d at 346. "The rights created by Article IV(c) and (e) are purely statutory." *Eaddy*, 595 F.2d at 346.

## CONCLUSION

On the basis of the above authority, we conclude that the right of a prisoner to be tried within 120 days of being brought into this state under the IAD is a statutory right and not a constitutional right. Since postconviction relief is limited to cases where the defendant claims a violation of a constitutional right, the defendant cannot maintain a postconviction proceeding based upon the violation of an IAD right. We also conclude that a prisoner may waive his or her right to be tried within 120 days after being brought into this state for trial under the IAD by not raising the issue prior to or during trial. Therefore, the defendant waived any such right by not raising the issue in time. For these reasons, the judgment and order of the district court are affirmed.

AFFIRMED.