IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20600
USDC No. CA-H-94-1957
_____

JAMES GLENN HUTSON,

Petitioner-Appellant,

versus

WAYNE SCOTT, Director,
Texas Department of Criminal Justice,
Institutional Division;
JACK W. DIEKEN, Sheriff;
ATTORNEY GENERAL OF THE STATE OF OKLAHOMA,

Respondents-Appellees.

---------------------

Appeal from the United States District Court
for the Southern District of Texas

---------------------
November 30, 1995

Before WIENER, PARKER and DENNIS, Circuit Judges.

PER CURIAM:[*]

James Glenn Hutson has filed a motion for a certificate of probable cause (CPC) to appeal the district court's dismissal of his petition for habeas corpus.  Because Hutson is not attacking a state-court conviction, but a detainer lodged on charges pending in Oklahoma, his petition is more properly construed as

---

[*] Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

arising under 28 U.S.C. § 2241 rather than under § 2254.  See Dickerson v. State of La., 816 F.2d 220, 224 (5th Cir.), cert. denied, 484 U.S. 956 (1987); see also Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 488 (1972).  A CPC is not necessary for the appeal because "the detention complained of [does not] arise[] out of process issued by a State court."  Fed. R. App. P. 22(b).  Accordingly, Hutson's motion for a CPC is DENIED as unnecessary.  However, because neither of the reasons for dismissal given by the district court were appropriate, we VACATE the court's dismissal and remand the case for further proceedings.  See Clark v. Williams, 693 F.2d 381, 381-82 (5th Cir. 1982).

A person in custody in one state against whom another state has a detainer may attack the interstate detainer by applying for federal habeas corpus in the detaining state.  Gibson v. Klevenhagen, 777 F.2d 1056, 1058 (5th Cir. 1985)(citing Braden, 410 U.S. at 488-89).  In Braden, charges were pending in Kentucky against the petitioner who was incarcerated in Alabama.  Braden, 410 U.S. at 486.  The petitioner attacked Kentucky's failure to execute the interstate detainer it had filed.  Id. at 487.  In determining that the petitioner was in the proper forum, the Supreme Court reasoned that the Alabama warden was acting as the agent of Kentucky authorities in holding the petitioner pursuant to the Kentucky detainer.  Id. at 489 n.4.  Thus, the Texas official holding Hutson pursuant to the Oklahoma detainer is acting as an agent of Oklahoma, and the district court had jurisdiction to consider the petition.

Moreover, Hutson's petition was not filed in the wrong venue. Hutson currently is assigned to TDCJ's Huntsville Unit which is located in Walker County, Texas, and is within the Southern District of Texas. See 28 U.S.C. § 124(b)(2); see also United States v. Gabor, 905 F.2d 76, 78 (5th Cir. 1990)(§ 2241 petition is properly filed in district in which petitioner is incarcerated).

Hutson's original petition, insofar as it requested only that he be transferred to TDCJ/ID so that the detainer could be executed, was mooted when Hutson was transferred. However, the district court should have construed Hutson's "motion for default summary judgment and objection to an extension of time and objection to venue change" as a motion to amend Hutson's original petition and granted it. See Sherman v. Hallbauer, 455 F.2d at 1236, 1242 (5th Cir. 1972)(memo opposing summary judgment raised a new issue and should have been treated as a motion to amend and granted). In that pleading, filed after Hutson was transferred to TDCJ/ID, Hutson continued to challenge the Oklahoma detainer. Thus, there remains a viable cause of action based on the alleged violation of the IADA. See Gibson, 777 F.2d at 1058. It is unclear from the record, however, whether the Oklahoma detainer is still valid. Hutson's pleadings and some of the attachments thereto suggest that the detainer was withdrawn when he was transferred from the Taylor County jail to Huntsville and that it was not reissued. The respondent averred in the district court that the detainer had been withdrawn.

The judgment is VACATED and the case REMANDED to the district court to determine: (1) whether the Oklahoma detainer is still valid to the extent that Hutson is "in custody" because of it; (2) if Hutson is in custody, whether he has exhausted state remedies; and (3) the merits of Hutson's challenge to the Oklahoma detainer under the IADA, if he has exhausted remedies. See Braden, 410 U.S. at 489 n. 4 (discussing the "in custody" requirement); and Gibson, 777 F.2d at 1058 (discussing exhaustion requirements for IADA claim).